ABRAHAM L. GRAHAM, ADMINISTRATOR, &c., v. THE CONSOLIDATED TRACTION COMPANY.

Submitted March 26, 1900—Decided November 12, 1900.

In an action under the Death act, brought by a father for the death of his son, four years and four months old at the time of the accident which resulted in his death, three successive new trials were granted on the ground of excessive damages, the last of which also held that the liability of the defendant had not been established by a preponderance of proof. On a retrial, resulting in a like verdict, two new witnesses were called by the plaintiff. *Held,* that this testimony left the case substantially in the same condition, upon a conflict of evidence, as in preceding trial, and was insufficient to sustain any verdict for the plaintiff.

On rule to show cause.

Before Justices Depue, Van Syckel and Gummere.

For the plaintiff, *McEwan & McEwan* and *Frank M. Hardenbrook.*

For the defendant, *Vredenburgh & Garretson.*

Per Curiam.

This suit was brought by the plaintiff as administrator of Melville T. Graham, deceased, under the act which provides for recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default. *Gen. Stat., p.* 1138. The suit is for the benefit of the father of the deceased, as his next of kin, to recover damages for the "pecuniary injury resulting to him from the death of the deceased." The deceased was a boy four years and four months old at the time the accident happened which resulted in his death. The jury found a verdict for the plaintiff and assessed the damages at $2,000.

This case was first tried in September, 1896, and resulted in a verdict for $5,000 for the plaintiff. Upon a rule to show cause why this verdict should not be set aside this court, June Term, 1897, held that the damages were "absurdly excessive," and ordered that a new trial be granted unless the plaintiff would accept the sum of $1,000, which he declined to do. In October, 1897, the case was again tried, and a second verdict for $5,000 was rendered. This verdict was set aside on the ground that the damages were excessive. *Graham* v. *Consolidated Traction Co.,* 33 *Vroom* 90. The case was retried January 30th, 1899, and resulted in a verdict in favor of the plaintiff for $5,000. The verdict was set aside on two grounds—*first,* that the plaintiff had not established by a preponderance of proof that the defendant was liable; *second,* that the damages were excessive. *Graham* v. *Consolidated Traction Co.,* 35 *Id.* 10.

The evidence at this trial is substantially the same as it was at the last preceding trial. Two additional witnesses were examined on the part of the plaintiff, Olivette Butler

and Joseph A. Smith. As to the amount of damages that should be recovered the case is not in anywise altered. With respect to the case upon the merits as presented at the last preceding trial, the opinion of Chief Justice Magie demonstrates that it was insufficient to sustain any verdict in favor of the plaintiff. A careful examination and consideration of the testimony at the last trial, including that given by Olivette Butler and Joseph A. Smith, the new witnesses called by the plaintiff, leave the case substantially in the same condition, upon the weight of the evidence, that it was in when the last preceding verdict was set aside. The observations of the Chief Justice on the evidence at that time apply with full force to the present case.

The rule should be made absolute on both grounds.