WILLIAM D. CARTER, ADMINISTRATOR, &c., OF IDA M. CARTER, DECEASED, DEFENDANT IN ERROR, v. WEST JERSEY AND SEASHORE RAILROAD. COMPANY, PLAINTIFF IN ERROR.

Submitted July 6, 1908—Decided November 16, 1908.

1. Where children are supported in a home maintained with the earnings of the father, and the mother performs the ordinary household duties, including such care of the children as a mother usually takes, and the mother loses her life through the wrongful act of a third party, the statute (*Pamph. L.* 1848, *p.* 151; *Gen. Stat., p.* 1188, *pl.* 10) permits an action to be maintained by the administrator of the mother to recover for the benefit of the children the damages occasioned by the deprivation of the expectation of pecuniary advantage which would have resulted by a continuance of the mother's life.

2. The statute (*Pamph. L.* 1848, *p.* 151; *Gen. Stat., p.* 1188, *pl.* 10) does not require the plaintiff to show that the next of kin would probably have received from the deceased contributions of money or of things purchased with money.

On error to the Camden Circuit Court.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *Lewis Starr* and *Allen S. Morgan,* with whom was *James Gay Gordon* (of the Philadelphia bar).

The opinion of the court was delivered by

PITNEY, CHANCELLOR. This action was brought under the so-called "Death act" (*Pamph. L.* 1848, *p.* 151; *Gen. Stat., p.* 1188, *pl.* 10), and resulted in a verdict and judgment for substantial damages. It appears from the record and bill of exceptions that William L. Carter and Ida M. Carter, his wife, while traveling as passengers upon an electric railway car operated by the defendant company, lost their lives through the derailment of the car. The resulting actions against the company were tried together. The defendant's responsibility

was admitted. The deaths occurred on October 28th, 1906, when the husband was thirty-six years of age and the wife two years younger. There was no direct evidence to show whether either survived the other. They left surviving two daughters, one fourteen and the other ten years of age, who, by the terms of the statute (amended *Pamph. L.* 1897, *p.* 134), are the beneficiaries of the resulting actions against the company. The present writ of error brings under review only the judgment in favor of the administrator of Ida M. Carter, the wife.

Motions were made for a nonsuit and for the direction of a verdict for the defendant upon the ground that there was nothing to show any pecuniary loss to the next of kin as a result of Mrs. Carter's death.

We think these motions were properly overruled. There was evidence to show that the children lived with their parents in the city of Camden in a home maintained with the earnings of the father, and that the wife performed the household duties, except that a woman was occasionally employed to do washing and cleaning. It was reasonably to be inferred that she took such care of her children as a mother usually takes.

The statute provides that the jury may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from such death to the next of kin. As was long ago pointed out by Chief Justice Beasley, this means "A deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of the deceased." *Paulmier, Admr.,* v. *Erie Railroad Co.,* 5 *Vroom* 151, 158. This definition has been consistently adhered to in subsequent cases. *Demarest* v. *Little,* 18 *Id.* 28, 30; *Consolidated Traction Co.* v. *Hone,* 31 *Id.* 444, 446; *Cooper* v. *Shore Electric Co.,* 34 *Id.* 558, 567.

Under circumstances such as are here presented we think there is a reasonable inference that the continuance of the mother's life would have resulted in substantial pecuniary benefit to the children. The statute does not require the plaintiff to show that the next of kin would probably have received from the deceased contributions of money or of things purchased with money.

In *Tilley* v. *Hudson River Railroad Co.*, 24 *N. Y.* 471, 475 Justice Denio said: "The injury to the children of the deceased by the death of their mother was a legitimate ground of damages; and we do not agree with the defendant's counsel that they ought to have been nominal. The difficulty upon this point arises from the employment of the word *pecuniary* in the statute; but it was not used in a sense so limited as to confine it to the immediate loss of money or property; for if that were so, there is scarcely a case where any amount of damages could be recovered. It looks to prospective advantages of a pecuniary nature, which have been cut off by the premature death of the person from whom they would have proceeded; and the word *pecuniary* was used in distinction to those injuries to the affections and sentiments which arise from the death of relatives, and which, though most painful and grievous to be borne, cannot be measured or recompensed by money. It excludes also those losses which result from the deprivation of the society and companionship of relatives, which are equally incapable of being defined by any recognized measure of value. But infant children sustain a loss from the death of their parents, and especially of their mother, of a different kind. She owes them the duty of nurture and of intellectual, moral and physical training, and of such instruction as can only proceed from a mother. * * * It is argued by the defendant's counsel that there should be no recovery on these grounds, because the father is obliged to provide what the children have been deprived of by the loss of their mother. But this is not an adequate answer. The children have been deprived of that which they were entitled to receive by the wrongful act of the defendants. Their loss may or may not be made up to them from another source, but in the meantime they are entitled to a fair and just compensation from the wrong-doers by the provisions of this statute." And see *S. C.*, 29 *N. Y.* 252, 285.

In *Gottlieb* v. *North Jersey Street Railway Co.*, 43 *Vroom* 480, this court decided that under the statute an action may be maintained by the administrator of a deceased wife for the

benefit of her next of kin, notwithstanding the husband be still living. In that case the husband was himself administrator.

In the present case it is argued that the services rendered by Mrs. Carter to her children were rendered in performance of the duty that she owed to her husband, and the suggestion is that the children's expectation of benefit in this behalf was or ought to have been included in the action brought by the administrator of their father. The record before us does not disclose what was the outcome of the latter action. Nor, in our opinion, are we concerned with it. Each parent owes duties to the children, independent of the marital duties they owe to each other. The presumption is that the death of both parents is more detrimental to dependent children, from the pecuniary standpoint, than the death of a single parent only. What damages ought to be allowed for the death of either is to be regulated by instructions to the jury.

*May* v. *West Jersey and Seashore Railroad Co.,* 33 *Vroom* 63, is cited as sustaining the proposition that pending the husband's life the wife's services in the household are due to him and are only incidentally beneficial to the children; and that the prospect that the wife would have survived the husband, whereupon her services would become a direct pecuniary benefit to the children, is too remote to be considered in fixing the pecuniary benefit of which the children are deprived by the mother's premature death. In the case referred to the only question for determination was whether the damages were excessive. The decision is not authoritative upon the question of the right of recovery, and in the discussion of that question the expressions in the opinion are not to be accepted without modification.

Moreover, if we were to treat the mother's care of young children as bestowed, during the father's lifetime, in performance of a duty owing to him rather than to them, the assumption would have little, if any, bearing upon the present case, for here the father's life had already terminated before the issue was tried, and so his expectancy of life was no longer in the realm of speculation. Not only so, but his death was

caused by the same act of the defendant that terminated the mother's life.

There was no error in the refusal of the motions for nonsuit and for direction of a verdict in favor of the defendant.

The only other ground relied upon for reversal is the instruction of the trial judge to the jury respecting the damages to be allowed in the event of a verdict for the plaintiff. Taking the whole of the charge together, we think it not open to reasonable criticism upon this point.

The judgment under review should be affirmed.

GARRISON, J. (dissenting). The beneficiaries in whose interest this judgment was recovered are the children of William L. and Ida M. Carter, both of whom were killed in the same railway accident. The resulting actions against the company in the cases of both the father and the mother of the beneficiaries which, as stated in the opinion, were brought by the same administrator, in the same court, were tried together, and submitted to the jury in a single charge, in which the rule for the admeasurement of damages in each case was laid down. In the father's case the jury was instructed that in awarding the damages, which were to be only of a pecuniary nature. they should take into consideration "the loss by these children of the maintenance and support of their father, the comforts and conveniences of home, the education of these children, and the provisions at his death from the accumulated savings of his income."

In the case of the mother, which is the one before us on this writ of error, the jury was instructed "as to the other suit, the suit brought by the administrator of the mother, Ida M. Carter, you may award such sum as you think these children have lost by being deprived of her services, care and attention, which, had she lived, she would have given to them, and which now must be procured by them in some other way."

This instruction, which was specifically excepted to, is, in my opinion, an erroneous one that permitted, if it did not necessitate, a reduplication of damages. The concrete vice of the instruction is that if it is limited to damages of a pe-

cuniary nature it covers the same ground as the instruction given in the case of the father; if it is not so limited it is, on that account, erroneous. Assuming that in each case the damages were only such as were of a pecuniary nature, the "services, care and attention" of a mother, which the jury were told to give in one case are normally directed chiefly, if not wholly, to securing and promoting the "comforts and conveniences of home and the education of the children," which the jury had been told to award in the father's case, so that if the jury obeyed both instructions, as we must presume they did, they necessarily awarded in the case of the mother damages which, in so far as they were of a pecuniary nature, they also awarded in the case of the father; and which, if not of a pecuniary nature, should not have been permitted in either case. This result inevitably inheres in the instructions that were given to the jury, and does not depend upon any speculations as to matters *aliunde* respecting survivorship.

For this judgment in the case of the mother of the beneficiaries must stand either upon the theory that the father was living at the time of her death or that he was not—if the former, then, under the instruction of the court, the children were awarded damages which, in so far as they were susceptible of pecuniary assessment, they had not sustained; if the latter, they were awarded damages which, in so far as they were capable of pecuniary admeasurement, they recovered in the action for the father's death. Whichever theory be adopted, a verdict rendered in accordance with the instruction under review would be founded upon an erroneous rule of damages. In my opinion the judgment should therefore be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    13.

*For reversal*—GARRISON, REED, VOORHEES, J.J.    3.