IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1917.

WILLIAM H. BRIGGS, ADMINISTRATOR, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Argued June 6, 1917—Decided November 8, 1917.

1. Where no exception or objection was taken to the charge of the court, the instruction complained of will not be considered on appeal.
2. Where matter, claimed to have been improperly admitted in evidence, was one of common knowledge, the answer could not have been legally injurious to the defendant, even if the question which called it forth was theoretically improper.
3. The fact that, in an action under the Death act, three successive juries have determined, by their respective verdicts, the existence of negligence on the part of the defendant, and the absence of contributory negligence on the part of the decedent, should ordinarily be accepted as conclusive of these facts; but where the verdicts exhibit a wide divergence of view, by the several juries, upon the matter of compensation, the finding of the third jury on the subject of damages receives no support from those which preceded it; and the question of the alleged excessiveness of the third award must be determined solely on its merits.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *Lefferts S. Hoffman, Leonard J. Tynan* and *George H. Blake.*

*Contra, Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action brought under the Death act to recover the pecuniary loss sustained by the next of kin of George H. Briggs, deceased, who, as the plaintiff alleged, came to his death through the negligence of the defendant company.

The proofs showed that the decedent fell from the running-board of one of the defendant company's cars on Ocean avenue, Jersey City, and the plaintiff's claim was (and there was evidence to support it) that the accident happened by reason of a severe lurch, or jerk, which occurred while the car was entering upon or going around a curve.

This is the third trial of the case. The first resulted in a verdict for the plaintiff for $4,000, which was set aside by this court upon two grounds—*first,* that the preponderance of the testimony was in favor of the conclusion that the accident happened because the decedent undertook to leave the car while it was still in motion; *second,* because the verdict was excessive. The second verdict was also in favor of the plaintiff, and the award of the jury was $2,000. This verdict was also set aside by this court upon the ground that the preponderance of the testimony was in favor of the conclusion that no unusual jerk occurred which produced the accident. The third verdict, as we have already said, was also in favor of the plaintiff and the jury awarded him $5,000.

We are now asked to order a fourth trial upon the following grounds: Because of error in the charge to the jury; because of the improper admission of testimony; because the finding of the jury that there was negligence in the operation of the car, and that there was no negligence on the part of the

decedent, is against the great preponderance of the evidence; because the verdict is grossly excessive in amount.

It is enough to say, in disposing of the first ground, that no exception or objection was taken to the instruction to the jury now complained of. Moreover, it was a mere comment on evidence, and not the laying down of any legal principle for the guidance of the jury.

The matter claimed to have been improperly admitted in evidence was one of common knowledge, and, consequently, even if the question which called it forth was theoretically improper, the answer could not have been legally injurious to the defendant.

The question of the negligence of the defendant company, and also that of the contributory negligence of the decedent, were both for the determination of the jury, and not of the court: and there must come a time when the findings of the jury upon these matters are to be accepted by the court, notwithstanding its own view that such findings are contrary to the great preponderance of the evidence. We think that a third verdict should be accepted as conclusive of these matters, unless some good reason appears in a given case for holding the contrary view; and a difference of opinion between the jury and the judges as to where the preponderance of the evidence is, affords no such reason.

But this principle has no application, in cases like that now before us, when the question of the alleged excessiveness of the verdict rendered at the third trial is under consideration; for there has been no concurrence of view by the several juries that have passed upon the matter as to what would be fair compensation for the loss sustained by the plaintiff, but, on the contrary, a wide divergence of opinion, and, consequently, the third award receives no support from those which have preceded it. The matter, therefore, must be dealt with as one of first instance. In the present case, the decedent was earning $30 a month at the time of his death. It is said that he was likely to have had his wages raised to $63.50 per month in a short time. Accepting this as a fact, the total amount that he would have earned at the higher rate between the time

of his death (when he was eighteen years and eight months of age) and the reaching of his majority would have been $1,778. Deducting from this amount the sum which the father testified he expended in support of the decedent, who was living at home (and which would total $504), the net amount which the father would have received from the son's wages during the period mentioned would be $1,274. The father was self-supporting, and it is not likely that after the son reached his majority, and a marriageable age, the father would have received anything very substantial from this source.

If the plaintiff will consent to reduce the verdict to $2,500, he may enter judgment for that amount, otherwise the rule to show cause will be made absolute.