STATE EX REL. KLEIN, Appellant, vs. WELSH and others, Respondents.

*May 5—June 5, 1923.*

*Municipal corporations: Firemen's pensions: Fire chief acting as city electrician: Computation of pension.*

1. Where the offices of chief engineer of the fire department and of city electrician were separately created and separate salaries were prescribed, most of the duties of city electrician having no relation to the fire department, the fact that the chief engineer was *ex officio* city electrician or that his salary as such electrician was wrongly paid out of fire department funds and both salaries were paid by one order did not entitle him to a pension based on the combined salaries under sec. 959—46n, Stats. 1919.

[2. Excess payments made to the pension fund should and probably will be refunded; but this matter is not before the court.]
      CROWNHART and ESCHWEILER, JJ., dissent.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

*Mandamus* to compel the city of Janesville to pay relator a pension of $900 per annum instead of $650 per annum allowed him. On February 1, 1919, upon his request, he was retired from the service of the fire department. He was then and for many years had been chief engineer of the department, and as such chief engineer was paid a salary of $1,300 per annum. He was also then and for many years

had been by ordinance *ex officio* as chief engineer, chief electrician, at a salary of $500 per annum. These salaries for each office were separately fixed by the city council, but only one order for both was issued to him when paid. The Firemen's Pension Board was organized June 28, 1908, and from that time relator had paid to the pension fund his share upon the combined salaries. It also appears that both salaries were paid out of the firemen's fund. The court also found that most of the duties of the city electrician are not connected in any way with the fire department and he is never mentioned as belonging to the personnel of the department where city ordinances mentioned the personnel thereof. From these and other facts found the trial court held that "(1) The office of city electrician is not an office of or within the fire department so as to be within the provisions of the firemen's pension law. That law applies to firemen only. (2) That the petitioner is entitled to a pension equivalent to $650 per annum from the date of his retirement and no more, the same to be paid in equal monthly payments." From a judgment so entered the relator appealed.

*F. C. Burpee* of Janesville, for the appellant.

*Roger G. Cunningham,* city attorney of the city of Janesville, and *Robert J. Cunningham* of Janesville, for the respondents.

VINJE, C. J. The substance of the argument of the relator is that since he was made *ex officio* city electrician and paid out of the fire department fund for his combined services as chief engineer and city electrician, though under separate salary provisions, and had paid his dues to the pension fund on his combined salaries, he should be allowed his pension of one half of the combined salaries. There is much force in the contentions, but we concur with the conclusion reached by the trial court that they cannot prevail. In the

first place the pension can be claimed only by force of the statute. This provides that: ·

"Any member of the fire department of any such city, having served twenty-two years or more in such department, may make application to said board to be retired from such department, or he may be retired by the said board of its own motion; in either which case the said board shall order and direct that such member shall be paid a monthly pension of a sum equal to one half the monthly compensation allowed such member as salary at the date of his retirement." Sec. 959—46$n$, Stats. 1919.

It is quite clear from this statutory enactment that the relator must bring himself within it in order to entitle him to a pension. He must show that the services he has rendered and the salaries he has received have been as a member of the fire department. This he has not done. It clearly appears from the evidence and findings of the trial court that his services as a city electrician have not been rendered as a member of the fire department nor have the major portion of such services been rendered in its behalf or as belonging thereto. The fact that he may have been paid out of the wrong fund, or that there has been irregularity in the mode of payment by issuing only one order instead of two, one for each position, cannot avail him. The offices were separately created, and separate salaries for each one prescribed. It was the intent and purpose of the firemen's pension law to bestow a pension only for discharge of firemen's duties the requisite length of time. It did not contemplate the bestowal of such a pension for services the bulk of which had no relation to those of firemen's duties. The fact that one man held two offices or discharged the separate duties would not warrant the tacking of the one to the other for the purpose of a pension. That can be granted only for services or offices that come within the provisions of the pension law.

State ex rel. Klein v. Welsh, 181 Wis. 147.    Dissent.

It is true .that relator has ·made an excess payment to the pension fund. This should, and no doubt will, be refunded to him. At any rate, as stated by the trial court the matter of excess payment made by the relator into the pension fund is not before the court for determination.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.

CROWNHART, J. (*dissenting*). I think the decision in this case unjust and contrary to legal principles. Appellant was chief engineer of the fire department of .the city of Janesville. As such the common council imposed upon him certain duties, which he performed. He was paid each month one salary check from the firemen's fund. Appellant had paid to the pension fund the full charges on his total salary, and the city had received the same for many years. A part of his duties were those formerly performed by a chief electrician, but it is' clear that they were subsequently imposed upon appellant as a part of his duties because they were so closely related to the fire department. The council considered them a part of the work of the fire department, and charged the expense thereof to the fire fund. The city ought not to be heard to deny the plain intent of its own acts at this late date, having taken appellant's money regularly every month since 1902.

I see. no way in which appellant may recover the excess sum he has paid voluntarily into the fund, and certainly he is bound by the statute of limitations as to the most of it. I think the judgment unconscionable and contrary to law.

I respectfully dissent from the judgment of the court.