HUDSON COUNTY COMMON PLEAS COURT.

ALEXANDER·KOPKO, administrator *ad prosequendum* of the estate of Walter Kopko, deceased, plaintiff,

v.

NEW YORK LIVE POULTRY COMPANY, defendant.

**Negligence—Excessive Damages Under Death Act—Peculiarly Able and Promising Person—Potential Earning Capacity Large.**

On action at law. On Rule.

*Messrs. O'Brien & Tartalsky,* for the plaintiff.

*Mr. Alfred Brenner* and *Mr. Julius Lichtenstein,* for the defendant.

KINKEAD, J.

Plaintiff has a verdict, under the Death act, for nineteen thousand five hundred ($19,500) dollars, which is attacked by this rule as being excessive.

A prior judgment of fifteen thousand ($15,000) dollars was set aside by me as being excessive, but in that case the issue was tried before another judge, and only the argument on the rule was heard by me.

I am in a better position to decide the present motion to set the second verdict aside, because the case was retried before me as trial judge, and I was therefore in a position to hear all the evidence offered on behalf of the plaintiff, which is far more satisfactory than merely ascertaining the same from arguments of counsel.

I have concluded that the boy, for whose death damages are being asked, was a remarkable child in more ways than

one, but, particularly, that he was an extremely talented musician. I do not conclude that he would have reached the heights attained by Elman, Kubelik, Spalding and the other masters of the violin, but, in my opinion, he was sufficiently talented to justify the belief that he would have been able, had his life been spared, to have earned large sums of money both by his ability as a musician and as a musical teacher. Since the jury may properly take into consideration, as elements of damages, not only the earnings of the deceased boy until he reached the age of twenty-one years, but also the voluntary contributions he would make to his parents and next of kin after he had reached that age, I have concluded that while a judgment of nineteen thousand five hundred ($19,500) dollars is excessive, that, under all the circumstances, a judgment in the amount of the original verdict, to wit, the sum of fifteen thousand ($15,000) dollars, is justified.

Therefore, unless counsel for the plaintiff are satisfied to reduce the judgment to the said sum of fifteen thousand ($15,000) dollars, I will order the verdict set aside and grant a new trial as to damages only.