ALEXANDER KOPKO, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF WALTER KOPKO, DECEASED, PLAINTIFF-RESPONDENT, v. NEW YORK LIVE POULTRY TRUCKING COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted November 6, 1924—Decided May 5, 1925.

**Negligence—Motor Vehicle Accident Resulting in Death—Case Three Times Tried—Two Points Argued on Appeal—Decedent a Child of Unusual Aptitude, Marked Ability as a Musician—Objection Should Be Made to Question at Time It is Asked, Not After an Answer Unfavorable to the Objector Has Been Given—Qualification of Witness as Expert, a Court Question—A Party is Bound by the Testimony He Has Brought Out—Court Not Called Upon, in Absence of Request to Charge, to State Something That Might Properly Have Been Stated—The Ultimate Test of Soundness of Instructions is Not What the Ingenuity of Counsel Can, at Leisure, Work Out.**

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the defendant-appellant, *Lazarus, Brenner & Vickers* (*Alfred Brenner,* of counsel).

For the plaintiff-respondent, *O'Brien & Tartalsky* (*Samuel Tartalsky,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Hudson County Court of Common Pleas for $15,000. The record discloses that the case has been twice tried. The first trial resulted in a verdict of $15,000. This verdict was set aside on the ground that the damages were excessive. The second trial was limited to the question of damages only. The second trial resulted in a verdict of $19,500. A rule was again allowed to the defendant, and the verdict was reduced to the amount of the first verdict, to wit, $15,000. The action arose out of the killing of Walter Kopko on July 3d, 1922, by an automobile truck owned and operated by the defendant below, the New York Live Poultry Trucking Company.

Of the eleven grounds of appeal only two are briefed. The first point briefed is the alleged error by the trial court in admitting testimony regarding the musical ability of the deceased. The second point briefed deals with the alleged neglect of the trial court to charge that the amount to be awarded by the jury must be reduced to a capital fund. The remaining grounds of appeal will be considered as abandoned. *Manda* v. *United States Express Co.*, 85 *N. J. L.* 720.

The deceased was a boy twelve and one-half years of age at the time of the accident. He was a child of unusual aptitude and promise. He had marked ability as a musician. He played the violin. Out of his earnings he had saved and deposited in the bank at the time of his death $1,000.

The first ground of appeal relates to the testimony of Henry A. Christian regarding the skill of the deceased as a violinist. Christian was a violin teacher, forty-three years of age. He had been giving violin lessons for a period of from fifteen to twenty years. He testified that the deceased in a few years would, because of his talent, become one of the great musicians. It is contended that this testimony created in the minds of the jury an impression that the boy was a genius of such ability that he would attain in a few years the prominence and affluence enjoyed by the great violin artists, such as Mischa Elman.

The difficulty with the appellant's contention is threefold. In the first place the testimony which the appellant considers damaging was the result of answers to questions unobjected to. When the appellant's counsel did not like the answer to a question propounded by plaintiff's counsel he moved to strike it out. This practice has been many times condemned. If sanctioned it would permit a party to speculate upon the outcome of an objectionable question. If the answer was favorable then it would be permitted to stand. If unfavorable, then a motion could be made to strike it out. The proper practice is to object to the question before the answer is given and ask for the court's ruling upon the propriety of the question asked. *Clark* v. *State,* 47 *N. J. L.* 556; *State* v. *Hummer,* 73 *Id.* 714.

In the second place, objection was made to some of the questions, as, for example, the question, "Well, can you say whether or not this boy was a genius on the violin?" upon the ground that the witness, Christian, was not qualified to answer them. Whether a witness is qualified to act as an expert is a court question. If the court determines that the witness has the qualifications of an expert and there is evidence to support such a finding an objection to a question upon this ground is unavailing. *Leonard* v. *Standard Aero Corporation,* 95 *N. J. L.* 235. We think, upon this ground, the court was justified in overruling the objection to the question above referred to and similar objections to like questions.

In the third place, much of the testimony upon Kopko's musical ability was elicited by the cross-examination of Christian. A party is bound by the testimony which he has brought out.

The second point argued is that the court erred in not stating to the jury that the plaintiff was entitled to recover only a capital fund which should represent the present value of all the pecuniary loss which would fall upon the next of kin. A court is not called upon, in the absence of a request to charge, to state something that it might with propriety

have stated to the jury. If counsel for the appellant desired the court to charge the jury upon the subject of a capital fund a request to charge embodying this proposition should have been drafted and submitted to the trial judge. In the case of *Leiferant* v. *Progressive Agency*, 98 *N. J. L.* 526, the Court of Errors and Appeals held that unless there is a request to charge upon a particular point, error is not assignable, because the trial judge may have omitted to charge upon such point. The omission to state any legal principle which may be pertinent or applicable to the case affords in itself no ground for reversal upon appeal.

In this connection the appellant contends that it was error for the trial judge to have charged as follows: "In computing the damages, you must take into consideration not only the amount which the deceased would have earned had he continued to live, but you must deduct from that amount such sum as you believe would be necessary for his future care, maintenance and education. * * * In other words, gentlemen of the jury, in considering the damages to be awarded in this case, you may consider not only what the earnings of this boy would have been up to the time that he reached the age of twenty-one years, but you may also take into consideration the fact as to whether or not, in your judgment, he would have made any such voluntary contributions to his next of kin after he reached the age of twenty-one years, you may consider that in assessing the damages in this case." To this passage an exception was taken upon the ground that the attention of the jury was not called to the fact that the contribution to be made by the deceased would continue over a long period of time, and that in making an award the amount arrived at must be reduced to a capital fund. This is but another way of making the same contention as we have just considered. Whether there has been an error committed is to be determined not by what has been omitted, but by what the court has said. Was there error in what the court said? We think not. The portion of the

charge quoted contains no erroneous statement of law. In substance, what the court said in the instant case has been approved by numerous decisions. *Morhart* v. *Street Railway Co.,* 64 *N. J. L.* 236. The ultimate test of the soundness of instructions is not what the ingenuity of counsel can, at leisure, work out. *Kargman* v. *Carlo,* 85 *Id.* 632.

The question of whether or not the amount of the judgment is excessive is not before us. This cannot be raised upon appeal.

The judgment is affirmed, with costs.