ANTONIO AMABILE, ADMINISTRATOR, ETC., PLAINTIFF, v. JOHN CRANE ET AL., DEFENDANTS.

Argued October 6, 1926—Decided January 19, 1927.

**Negligence—Death Resulting to a Boy Ten Years Old Coming in Contact With a Motor-bus—Plaintiff's Verdict Questioned On Seven Grounds, but Sustained in All Except One, Excessiveness of the Award—Verdict of $5,000 Reduced to $4,000, or Rule Made Absolute.**

On rule to show cause.

Before Justices PARKER, BLACK and CAMPBELL.

For the plaintiff, *William George.*

For the defendant, *George L. Record.*

PER CURIAM.

This suit was brought to recover damages under the Death act. The deceased was a boy ten years old, when he was injured. The injuries causing his death on November 28th, 1924. He was struck by a motor-bus as is alleged by the plaintiff, or he ran into the motor-bus as is claimed by the defendants, which was owned by the defendant John Crane

and operated by the defendant John Reilly on Pacific avenue near Ash street, in Jersey City, New Jersey. The trial resulted in a verdict for the plaintiff for $5,000. The defendants obtained a rule to show cause and writes down seven reasons for a new trial—

*First.* Permitting counsel for the plaintiff to ask questions of the jury before the oath was administered. This is permitted under the act (*Pamph. L.* 1911, *p.* 220) in civil cases.

*Second.* Error in refusing to nonsuit the plaintiff. Not so. Questions of fact were involved under the testimony. Just how the boy was injured is the vital question in dispute.

*Third.* Error in refusing by the trial judge to charge the defendants' request No. 3 in the language of the request, and refusing to charge request No. 9 in the language of the request. Not so; these requests to charge were fully covered by the charge of the trial judge.

The trial judge is not bound to charge the jury in the identical language of a request. *McLaughlin* v. *Damboldt,* 100 *N. J. L.* 127.

*Fourth.* The verdict was contrary to the weight of the evidence. Not so, as we read the record.

*Fifth.* There was no evidence to support the verdict. Not so.

*Sixth.* The charge of the court was erroneous in law. If so, there is no exception noted in the record and no argument made in the brief pointing out wherein there is error in the charge.

*Seventh.* The damages awarded by the verdict are excessive. The verdict was $5,000. We think this is so. If the plaintiff will accept $4,000 and remit the excess, the verdict may stand for that amount, otherwise, the rule will be made absolute.