ANTHONY MAUTHE, PLAINTIFF-RESPONDENT, v. B. & G.
SERVICE STATION, INCORPORATED, DEFENDANT-AP-
PELLANT.

Submitted May term, 1927—Decided November 15, 1927.

**Negligence—Death of Boy Fifteen and a Half Years Old Through
Burns—Boy was Employed in a Gasoline Service Station—
Judgment for Plaintiff—Defendant Alleges That Plaintiff
Has Remedy Under Workmen's Compensation Act—Held,
That Deceased Being Under Age of Permissive Employment,
the Common Law Remedy is Not Affected by the Workmen's
Compensation Act, Notwithstanding the Statute of 1924,
Chapter 159—Held, Further, That the Accident was the Re-
sult of the Defendant's Negligence and That the Award was
Not Excessive Under the Circumstances.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the appellant, *I. Faerber Goldenhorn.*

For the respondent, *Meehan Brothers.*

PER CURIAM.

This is defendant's rule to show cause why a verdict re-
covered by Anthony Mauthe, administrator of Joseph Mauthe,
deceased, should not be set aside and a new trial granted.

Joseph Mauthe, son of the plaintiff, was killed on February
26th, 1926. He was employed by the defendant in its gasoline
supply station at the corner of Newark and Pavonia avenues,
in Jersey City. The case was tried in the Hudson Circuit in
January last and resulted in a verdict for the plaintiff in the
sum of $8,000.

The reasons urged for a new trial are that the court erred
in refusing a nonsuit, that the verdict is against the weight
of the evidence and that it is excessive.

The grounds upon which the nonsuit was asked are that the respondent's remedy was under the Workmen's Compensation act of 1911 and its amendments and supplements, and that the trial court was consequently without jurisdiction to hear the case.

Joseph Mauthe was a minor of the age of fifteen and one-half years, and, therefore, under the age of permissive employment, under the statute, in the service for which he was engaged. This being true, the common law remedies of the administrator of his estate were not affected by the Workmen's Compensation acts. *Fier* v. *Weil*, 92 *N. J. L.* 610; *Lesko* v. *Liondale Bleach Works*, 93 *Id.* 4. But it is contended that chapter 159 of the laws of 1924, page 359, provides a statutory remedy in such case which supersedes the common law remedy. The second section, paragraph 9, of the act expressly provides that nothing in the act "shall deprive an infant under the age of sixteen of the right or rights now existing to recover damages in a common law action or other proceeding for injuries received by reason of the negligence of his or her master." We think the result reached by the earlier decisions above cited are not intended to be modified by the statute in question.

Our examination of the proofs convinces us that the evidence of negligence was such that the case was properly submitted to the jury and that its finding should not be disturbed. The deceased was employed in the defendant's gasoline and fuel station in Jersey City. In this station gasoline, grease, motor oils and other materials of explosive nature were carried. On February 26th, 1926, there was an explosion in the station and the deceased was seen to run out of the building with his clothing in flames. Preceding the fire there was in a small room in the station a stove burning coal, around which there was no sheeting or other protection. The room contained lubricating oil, empty gasoline cans, drippings of gasoline in small quantities; the floor had oil and grease spots on it; there were small pieces of wood and papers lying around. On the day of the fire, firemen threw

out the stove in which there were hot coals; on that day the same general conditions existed in the room as before the fire.

We think from this it was reasonable to infer that the explosion was caused by the heated stove coming in contact with explosive materials by reason of insufficient protection. The defendant produced no evidence, but rested on the proofs as already adduced.

As to damages. At the time of his death the deceased was receiving $20 a week which he paid over to his parents. He was also receiving small gratuities. He had been raised to a period when he was and could be expected to continue to be of substantial aid to his parents. The father was helpless owing to an injury to the eye, and it is not unreasonable to expect that the assistance which the son was rendering would be continued by him after reaching his majority.

Conceiving as we do that the evidence was legally sufficient to require its submission to the jury, that the jury was justified in inferring the defendant's negligence therefrom, and that the verdict was not so clearly excessive as to require a retrial of the case, the rule for a new trial is discharged.