JOHN WARD, ADMINISTRATOR AD PROSEQUENDUM OF ESTATE OF STEPHEN WARD, DECEASED, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT.

Submitted May 17, 1930—Decided November 17, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the rule, *James J. Higgins.*

*Contra, Louis Auerbacher, Jr.*

PER CURIAM.

The son of plaintiff was struck by a bus of the defendant which was proceeding southerly along Grant avenue in Kearny. The boy was crossing the highway. The injuries he received caused his death. The plaintiff has a verdict for $5,000 which the defendant seeks to set aside for three reasons.

1. Because the trial court erred in refusing to nonsuit upon the ground that there was no proof of negligence.

But in this we find there was no error because there were facts and circumstances, which, if believed, established negligence on the part of the driver of the bus.

2. Because the verdict is against the weight of the evidence.

Upon this point a rather close question is presented but we find it does not reach that point and create a situation permitting us to say that the jury was not correct in its weighing of the proofs thus warranting us in setting aside the verdict.

3. That the verdict is excessive.

In cases of this character great difficulties are presented to both the jury and this court. Neither has any certain or exact basis upon which to compute the damages.

Here the boy was five years and ten months of age at the time of his death. He was endowed mentally and physically as the average boy of his age. Considering all the probabilities surrounding him and reasonably expected to control his future the assessment of damage for his death under the Death act must be largely speculative and based upon many conjectures.

Under the circumstances the best we can do is to measure such a verdict by a standard, substantial or otherwise, of verdicts that have been approved in cases of a like character. These seem to show an amount ranging around $3,000.

Upon this basis we conclude the verdict of $5,000 is excessive and should be reduced to $3,000.

Therefore if the plaintiff will agree to a reduction of the verdict to the sum of $3,000, within twenty days from the entry of judgment hereunder, the rule will be discharged, otherwise, under the circumstances it will be made absolute and a *venire de novo* will issue for a retrial of all the issues.