ANNA SAKOS, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF STEPHEN SAKOS, DECEASED, PLAINTIFF, v. HARRISON BYERS AND MABEL B. BYERS, DEFENDANTS.

Decided July 12, 1933.

For the rule, *Frank G. Turner*.

Opposed, *Silber & Silber* (*Osie M. Silber*).

LAWRENCE, C. C. J. This was a suit under the Death act, arising out of fatal injuries to a boy nine years of age in an automobile accident, for which defendants had been held responsible because of the negligent operation of the vehicle. The sole question before the court and jury at the trial was the amount of damages to which plaintiff was entitled. The next of kin were the mother and several brothers and sisters. The deceased boy was said to have been normal and physically sound and healthy, with the average expectancy of life of a child of similar age. He had already been earning a small sum each week during the summer months and when not in school.

The jury returned a verdict in favor of plaintiff for $5,000. Under the rule taken out in behalf of defendants it was argued that this verdict was so clearly excessive as to indicate that the jury had not given proper consideration to the case. In support of this contention, the following cases, covering a period of years, were cited: *May* v. *West Jersey and Seashore Railroad Co.,* 62 *N. J. L.* 67; 42 *Atl. Rep.* 165, arising out of the death of a boy fifteen years of age, earning $20 a month, in which a verdict of $3,000 was reduced to $1,500; *Rowe* v. *New York and New Jersey Telephone Co.,* 66 *N. J. L.* 19; 48 *Atl. Rep.* 523, involving the death of a boy twelve years old, verdict of $5,126 allowed to stand for $2,000; *Cook* v. *American E. C. & Schultze Gunpowder Co.,* 70 *N. J. L.* 65; 56 *Atl. Rep.* 114, in case of boy thirteen years old, award of $2,500 stated by court to be clearly excessive; *Briggs* v. *Public Service Railway Co.,* 91 *N. J. L.* 1; 102 *Atl. Rep.* 382, relating to the death of a boy eighteen years and eight months old, earning $30 a month, verdict in special circumstances indicated reduced from $5,000 to $2,500; and *Genatt* v. *Bentz,* 4 *N. J. Mis. R.* 375; 133 *Atl. Rep.* 75, case of boy nine years and two months old, reduction of verdict for $10,200 to $3,500. As against these citations, not recent, the following were relied on by counsel for plaintiff: *Smiley* v. *Reid Ice Cream Corp.,* 5 *N. J. Mis. R.* 82; 135 *Atl. Rep.* 504, involving death of girl eight years and eleven months old. Father had died and child lived with mother who had remarried. Verdict for $5,000 sustained, consideration be-

ing given to talents, appearance and abilities of child, with the statement that such a verdict was in no sense so excessive as to shock the conscience or to lead to the belief that the jury were prejudiced against the defendant company. Also *Fedor* v. *Kuehne Chemical Co.*, 8 *N. J. Mis. R.* 298; 147 *Atl. Rep.* 827, in which a verdict awarding $5,000 for the death of a boy "close to nine years," was approved.

As further indicating the trend of decisions on the admeasurement of damages in such cases, beginning in the year 1902, with the frequently cited case of *Graham* v. *Consolidated Traction Co.*, 65 *N. J. L.* 539; 47 *Atl. Rep.* 453, in addition to those referred to by the respective counsel, there may be appended: *Hoar* v. *Public Service Electric Co.*, 4 *N. J. Mis. R.* 716; 134 *Atl. Rep.* 184, in which the boy was seventeen years of age, of limited education, and a verdict of $5,500 was reduced to $4,000; *Gibson* v. *Public Service Railway Co.*, 4 *N. J. Mis. R.* 944; 134 *Atl. Rep.* 895, boy of fourteen years, verdict, $7,500, allowed to stand for $4,500; *DeBelmonte* v. *John T. Harrop Co.*, 134 *Atl. Rep.* 895, in which $7,000 award was reduced to $4,500—boy twelve years of age; *Amabile* v. *Crane*, 5 *N. J. Mis. R.* 149; 135 *Atl. Rep.* 692, boy ten years old, award of $5,000, $4,000 allowed; *Mauthe* v. *B. & G. Service Station*, 5 *N. J. Mis. R.* 981; 139 *Atl. Rep.* 245, boy fifteen and a half years, $8,000 sustained in circumstances stated; *Jorgensen* v. *Wilberg*, 6 *N. J. Mis. R.* 79; 139 *Atl. Rep.* 904, boy thirteen years, in excellent health at time of death, and of good mental ability, numerous next of kin, verdict of $6,000 sanctioned, reduced purchasing power of money regarded as factor—year 1928; and *Ward* v. *Public Service Co-ordinated Transport*, 8 *N. J. Mis. R.* 836; 152 *Atl. Rep.* 82, arising out of death of boy five years and ten months old, of average bodily health and mentality, award of $5,000 reduced to $3,000.

In examining these cases, it is apparent that no one of them can be considered as a precedent precisely controlling a given case, for the reason that in each various circumstances specially applicable entered into the decision, such as the current value of the dollar (see *Genatt* v. *Bentz*, *supra*), the physical and mental characteristics of the child, its potential

abilities, the normal expectancy of life as affecting the next of kin, as well as other conditions having a probable influence on its future capacity and accomplishment so far as a reasonable expectation of pecuniary advantage to them would have been concerned. In the present case if plaintiff consents to a reduction of the verdict to $4,500, the rule to show cause will be discharged, otherwise it will be made absolute as to damages only.