226 

Bergen County Circuit Court.

JOSEPH T. CLARK, ADMINISTRATOR OF THE ESTATE OF MARGUERITE CLARK, DECEASED, AND JOSEPH T. CLARK, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MARGUERITE CLARK, PLAINTIFF, v. THOMAS J. PRIME AND STEPHEN PRIME, DEFENDANTS.

Decided April 17, 1940.

For the plaintiffs, *James A. Breslin*.

For the defendants, *Edwin Joseph O'Brien*.

Barbour, C. C. J. The above matter comes before the court on a rule to show cause why the verdict against the defendants and in favor of Joseph T. Clark, administrator *ad prosequendum* of the estate of Marguerite Clark, deceased, in the sum of $30,000 should not be set aside as excessive.

The jury also returned verdicts against the same defendants in favor of Virginia Clark, by her next friend Joseph T. Clark, for personal injuries, $2,000; Joseph T. Clark, administrator of the estate of Marguerite Clark, deceased, for pain and suffering while she lived, $500; Joseph T. Clark, individually, for expenses and consequential damages as father for injuries to Virginia Clark, $1,500; and to Joseph T. Clark, individually, for expenses and consequential damages as husband for injuries to his wife, Marguerite Clark, while

she lived, $1,000. No rule was applied for as to these verdicts, the attack being solely on the verdict in favor of the administrator *ad prosequendum.*

At the time of her death, the decedent was thirty-six years of age and left her surviving her husband, Joseph T. Clark, who was thirty-seven years of age, and five children ranging in age from one and one-half years to twelve years, the eldest being Virginia, who was injured in the same accident and for whose injuries a verdict was also recovered as above set forth.

In the action by the administrator *ad prosequendum,* the court charged the jury as follows:

"The damages are limited to the pecuniary injury resulting from the death to the next of kin—that is, the deprivation of a reasonable expectancy of pecuniary advantage which would have resulted by a continuation of the life of the deceased.

"By the use of the phrase 'pecuniary injury' the statute looks to the prospective advantages of a pecuniary nature which have been cut off by the premature death of the person from whom they would have proceeded; and the word 'pecuniary' is used in distinction with those injuries to the affection and sentiments which arise from the death of relatives, and which, though most painful and grievous to be borne, cannot be measured by recompense or money. It excludes also those losses which result from the deprivation of the society and companionship of relatives, which are equally incapable of being defined by any recognized measure of value. But infant children sustain a loss from the death of their mother, of a different kind. She owes them the duty of nurture and of intellectual, moral and physical training, and of such instruction as can only proceed from a mother. For the loss of this they are entitled to fair and just compensation from a wrongdoer. There can be no recovery for loss of society or wounded feelings, or anything else which cannot be measured by money and satisfied by a pecuniary recompense. There is no compensation for sympathetic loss."

These words were taken by the court from *Carter* v. *West Jersey and Seashore Railroad Co.,* 76 *N. J. L.* 602; 71 *Atl. Rep.* 253, wherein our Court of Errors and Appeals cited with approval the decision in *Tilley* v. *Hudson River Railroad Co.,*

24 *N. Y.* 471. At first blush it would seem that the jury is permitted in the case of the death of a mother to consider elements which are not of a pecuniary nature, contrary to the provisions of the Death act which permits a recovery only for pecuniary loss. This, however, is not true for as was said in *Tilley* v. *Hudson River Railroad Co.,* 29 *N. Y.* 252 (retrial) :

"It is certainly possible, and not only so but highly probable, that a mother's nurture, instruction, and training, if judiciously administered, will operate favorably upon the worldly prospects and pecuniary interests of the child. The object of such training and education is not simply to prepare them for another world, but to act well their part in this, and to promote their temporal welfare. If they acquire health, knowledge, a sound bodily constitution and ample intellectual development under the judicious training and discipline of a competent and careful mother, it is very likely to tell favorably upon their pecuniary interests. These are better, even in a pecuniary or mercenary point of view, than a feeble constitution, impaired health, intellectual ignorance and degradation and moral turpitude."

Neither the diligence of able counsel for both parties nor the research of the court has revealed any reported decision in this state which shows the value placed upon the life of a mother.

In *Klemann* v. *Atlantic City Railroad Co.,* 5 *N. J. Mis. R.* 133, verdicts of $15,000 each, arising out of the death of married women, were reduced to $8,500 by our Supreme Court. In those cases each decedent left a husband but no children.

An examination by the court of all the cases cited in *Parmcle* on "Damage Verdicts" covering the death of married women and mothers reveals that in cases of this nature, in states where the law is comparable to our statutes, the court is loath to disturb the verdict of the jury. Among some of the cases are the following :

*Kearse* v. *Seyb,* 209 *S. W. Rep.* 635 (Kansas City Court of Appeals, 1919). Judgment for $7,500 for death of married woman leaving husband and three small children—held not excessive.

*El Paso Electric Railway Co.* v. *Benjamin,* 202 *S. W. Rep.* 996 (Court of Civil Appeals of Texas, 1918). Verdict for $9,000 in favor of two minor children for death of mother—held not excessive.

*Aaronson* v. *City of Everett,* 239 *Pac. Rep.* 1011 (Supreme Court of Washington, 1925). Verdict of $2,000 to surviving husband and $2,000 to each of her two minor children—held not excessive.

*Elias* v. *City of New Iberia,* 69 *So. Rep.* 141 (Supreme Court of Louisiana, 1915). Death of married woman leaving husband and eight children ranging from the age of five months to seventeen years, and verdict of $1,000 for each child held not excessive, the husband not having a right of action for the death of his wife in Louisiana.

*Froeming* v. *Stockton Electric Railway Co.,* 153 *Pac. Rep.* 712 (Supreme Court of California, 1915). Verdict of $18,000 for death of married woman leaving husband and children "of which three were girls of tender years" and all were minors under the age of fourteen years—held not excessive.

*Hines, Director-General,* v. *Partridge,* 231 *S. W. Rep.* 16 (Supreme Court of Tennessee, 1921). Verdict of $10,000 for death of married woman, she being thirty-four years of age, leaving husband, no children, held not excessive.

*Hines, Director-General,* v. *Roan,* 230 *S. W. Rep.* 1070 (Court of Civil Appeals of Texas, 1921). Verdict for $20,000 for death of married woman, twenty-six years of age, leaving husband, not excessive.

*Scaff* v. *Young,* 264 *S. W. Rep.* 582 (Court of Civil Appeals of Texas, 1924). Death of married woman, twenty-one years of age, leaving husband, verdict of $20,000 (but children killed in same accident, separate verdicts for their deaths)—held not excessive.

*Craig* v. *Chicago, &c., Railway Co.,* 150 *N. W. Rep.* 648 (Supreme Court of Nebraska, 1915). Verdict of $10,000 for death of married woman, age fifty-two, leaving husband and three children, ages twenty, sixteen and fourteen—held ample but not excessive.

*Manceaux* v. *Hunter Canal Co.,* 86 *So. Rep.* 665 (Supreme Court of Louisiana, 1920). Verdict of $4,000 for death of

married woman leaving eight minor children, increased to $8,000 by the court "in view of the loss to the children her death occasioned."

*Herro* v. *North Western Malleable Iron Co.,* 194 *N. W. Rep.* 382 (Supreme Court of Wisconsin, 1923). Verdict of $9,500 for death of maried woman, thirty-two years of age, leaving husband thirty-four years of age, and four children between the ages of eighteen months and nine years—held to be excessive and reduced to $7,500.

*Valenti* v. *Sierra Railway Co.,* 111 *Pac. Rep.* 95 (Supreme Court of California, 1910). Verdict of $14,000 for death of married woman leaving husband and four minor children, one a girl of tender years—held not excessive, the court saying: "Manifestly there can be no fixed standard by which that loss can be determined. Necessarily the law had committed its ascertainment to the discretion and sound judgment of the jury, and it cannot be said that for the loss of a devoted wife and mother and deprivation by the husband and minor children of the advantages and benefits which, from the evidence in this case, the jury were warranted in finding she would continue to bestow on them had she lived, that the verdict rendered by the jury is at all excessive."

*Swayzee* v. *City of Augusta,* 216 *Pac. Rep.* 265 (Supreme Court of Kansas, 1923). Verdict of $10,000 for death of married woman, thirty-one years old, leaving husband and two children—held not excessive.

*Redfield* v. *Oakland Consolidated Street Railway Co.,* 42 *Pac. Rep.* 822 (Supreme Court of California, 1895). Verdict of $14,000 for death of married woman, aged thirty-five, leaving a husband with life expectancy of 29.62 years, and two children, aged twelve and eleven years, respectively—held not excessive. The court said: "That as a general rule such questions (damages) can be better determined by a jury than by the court, is generally conceded, and our statute has limited the power of the court over the verdicts of juries in such cases." (The limitation referred to being "Excessive damages appearing to have been given under the influence of passion or prejudice.")

*Smith* v. *Lehigh Valley Railroad Co.,* 69 *N. Y. Supp.* 1112. Verdict of $10,000 for death of married woman, forty-nine years of age, leaving husband, forty-eight years of age, and two sons, age twenty-one and eighteen, respectively—reduced to $7,000.

The action is brought under our Death act, *N. J. S. A.* 2:47-5, and distribution is to be made pursuant to *N. J. S. A.* 3:5-2, so that the husband is entitled to one-third and the residue is to be distributed in equal portions among the decedent's children.

If one were to try to apply any rule or measure, he would find that one-third of the verdict, amounting to the sum of $10,000, is not much greater than the amount to which the verdicts in *Klemann* v. *Atlantic City Railroad Co., supra,* were reduced, and is comparable to some of the verdicts above cited. This would leave $20,000 for the benefit of the five children or $4,000 apiece. Can one say that this is excessive? The jury were able to observe the surviving husband on the witness stand, and were also able to observe the children who were in court throughout the trial. They appeared to constitute what one might call a typical American family of modest or moderate circumstances.

Certainly it would seem that if the jury is entitled to consider the nurture, intellectual, moral and physical training which a child is entitled to receive from its mother, one cannot very well say that that is not worth $4,000, and that the child in fact does not suffer a loss of a pecuniary advantage to that extent.

In order to disturb the verdict it would be necessary to find that the verdict was so excessive as to indicate that it was arrived at by mistake, passion, prejudice, or sympathy. Considering the factors above discussed, one is not able to say that it is so excessive.

Furthermore, more attention was paid during the course of the trial to the injuries to the daughter Virginia (and to the question whether or not such injuries, consisting among other things of a fractured pelvis, would interfere with normal child-birth in later life), and the jury arrived at a very

proper verdict for such injuries and did not attribute to them the seriousness which the plaintiff attempted to attribute (her temporary injuries being of such nature as to justify the amount of that verdict). A rule as to such verdict was abandoned, evidencing that the defendant was satisfied with the amount of such verdict, and so as to the other verdicts. Where in a case of this nature the jury arrived at proper verdicts on four out of five counts, it tends to show a freedom from mistake, passion, prejudice, or sympathy.

The verdict may be higher than the court, if a member of a jury, would have returned; but, in view of the elements which the jury properly considered, the court cannot say that the verdict is so excessive as to evidence mistake, passion, prejudice or sympathy.

The rule, therefore, will be discharged.