LEWIS MAY, ADMINISTRATOR OF MIZEAL M. MAY, DECEASED, v. THE WEST JERSEY AND SEASHORE RAILROAD COMPANY AND THE ATLANTIC CITY RAILROAD COMPANY.

Submitted March 28, 1898—Decided June 13, 1898.

1. In an action based upon the act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act or neglect," approved March 3d, 1848, the plaintiff is entitled to recover nothing but the pecuniary loss sustained by the person for whose benefit as next of kin the action is brought.

2. Where the deceased was a boy fifteen years of age, with an earning capacity of about twenty dollars per month, and the cause was tried on the basis that the pecuniary benefit to the father could only continue during the minority of the son, if his life had continued, and the instructions of the trial court were to that effect—*Held*, that a verdict of $3,000 was excessive, and that as the verdict of the jury was based upon only a misapprehension of the instructions of the court as to the measure of damage, the plaintiff could have the option of accepting the sum of $1,500, otherwise the verdict be set aside and a new trial ordered.

On rule to show cause why the verdict in favor of the plaintiff should not be set aside.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiff, *Howard Carrow.*

For the defendants, *Joseph H. Gaskill, Joseph Thompson, Walter H. Bacon* and *John W. Acton.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This is an action under the Death act of this state (*Gen. Stat., p.* 1188) by the administrator of Mizeal M. May, deceased, against the defendants to recover damages for the benefit of the father as the only next of kin of the deceased.

The cause was tried at the Salem Circuit, at the January Term, 1898, and resulted in a verdict of $3,000 damages.

The liability of the defendants was conceded at the trial, but the contention upon the rule in this cause is that the damages awarded are excessive.

The deceased, the son of the plaintiff, was a boy of about fifteen years of age at the time of his death.

The cause was tried upon the basis that the father was entitled to the earning capacity of the deceased, until he should arrive at the age of twenty-one years, if he had lived so long, and not beyond that time. *Telfour* v. *Northern Railroad Co.,* 1 *Vroom* 188.

The rule of law laid down in *Telfour* v. *Northern Railroad Co., supra,* was that in actions of this class the plaintiff was entitled to recover nothing but the pecuniary loss sustained by the person for whose benefit, as next of kin, the action was brought. This is the measure of damages prescribed by statute. Chief Justice Whelpley, in Telfour *v.* Northern Railroad Co., said that " it would seem that this would have been the proper rule of damages if it had not been prescribed by the act," citing *Ford* v. *Monroe,* 20 *Wend.* 210; *Pack* v. *Mayor of New York,* 3 *Comst.* 489.

The rule as to damages established in *Telfour* v. *Northern Railroad Co., supra,* has ever since been followed and applied, both in this court and the Court of Errors and Appeals. *Paulmier* v. *Erie Railroad Co.,* 5 *Vroom* 151; *Demarest* v. *Little,* 18 *Id.* 28; *Kinney* v. *Central Railroad Co.,* 5 *Id.* 274; *Consolidated Traction Co.* v. *Hone,* 31 *Id.* 444, and cases cited.

In view of the range of discussion taken in this class of cases, it is worthy of remark that if there exists a mischief in this principle so well established as the measure of damages, the remedy must be sought by legislation upon the subject. The courts are not at liberty to apply any other rule than prescribed by the statute as it now exists, confirmed by so many decisions of all the courts of this state.

The deceased was a boy of fifteen years of age at the time of the accident which resulted in his death. His occupation was that of a farm laborer, and under the evidence the highest amount of wages which he could earn, exclusive of his board, was about twenty dollars per month, and these were the usual rates for a full-grown able-bodied man at such labor. There was no evidence that during his minority any increase of wages beyond this sum could be reasonably anticipated. There was no evidence that he was qualified, or would be qualified during his minority, for any more remunerative occupation.

It is readily perceived that the pecuniary benefit which would accrue to his father, by a continuance of his life, during

his minority could reach no such sum as the amount of damages awarded. His father was bound, if he received his wages, to clothe him appropriately, to educate him, and to support and maintain him when he was sick or could not obtain employment. These were burdens which were imposed upon his father by law.

The conclusion reached is that the verdict is clearly excessive. The case exhibits, perhaps, only a misapprehension of the instructions of the trial court upon the rules of law limiting the award of damages to the pecuniary loss sustained, and therefore the plaintiff can have the option, by rule of this court entered by him within twenty days, of accepting the sum of $1,500 as the damages awarded to him in this action. If such rule be not so entered, then the defendant may enter a rule setting aside the verdict and ordering a new trial.