ESTELLE SIDER, as Administratrix de Bonis Non of the Estate of JAMES E. YATES, Deceased, Appellant, *v.* GENERAL ELECTRIC COMPANY et al., Respondents.

**Negligence — action by widow for death of husband killed in accident — damages — provisions of statute granting cause of action and providing amount of recovery — estate of such widow who died after commencement of such action and before the trial thereof entitled only to damages sustained between time of husband's death and that of her own death.**

The statute giving a cause of action for the death of a decedent caused by negligence of another, either a natural person or corporation, and providing for amount of recovery (Code Civ. Pro. § 1902, now Decedent Estate Law, § 130, amd. Code Civ. Pro. § 1904, now Decedent Estate Law, § 132) provides that " the damages awarded to the plaintiff may be such sum as the jury * * * deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person, or persons, for whose benefit the action is brought." Under these provisions the estate of the widow of a decedent, killed in an accident, who brought an action as his administratrix to recover for his death but died before the trial of the action, is entitled only to the actual pecuniary damages sustained by her, from the loss of her husband's support, from the time of his death to the date of her death. (*Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145, distinguished; *Pitkin* v. *N. Y. C. & H. R. R. R. Co.*, 94 App. Div. 31, approved and followed.)

*Sider* v. *General Electric Co.*, 203 App. Div. 443, affirmed.

(Argued February 26, 1924; decided April 1, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

May 10, 1923, which modified and affirmed as modified an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a new trial unless plaintiff stipulates to reduce said verdict.

*Hamilton Ward* for appellant. The verdict should be reinstated. The court was correct in refusing to charge that " the recovery in this action, if any, can be only for pecuniary loss sustained by Mrs. Yates from the date of Mr. Yates' death until her death." (*Pitkin* v. *N. Y. C. R. R. Co.*, 94 App. Div. 31; *Matter of Meekin*, 161 N. Y. 145; *Matter of Brennan*, 160 App. Div. 401; *Johnson* v. *B. S. Ry. Co.*, 222 Mass. 583; *Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Mundt* v. *Glokner*, 26 App. Div. 123; *Radley* v. *Leray Paper Co.*, 214 N. Y. 35; *Matter of White*, 208 N. Y. 64.)

*Franklin D. L. Stowe* for Niagara Falls Power Company, respondent. The rule of damage charged the jury was erroneous and compelled the order of the trial court setting aside the verdict as excessive. Such order was unanimously affirmed by the Appellate Division. The affirmance was proper and should stand. (*Dickens* v. *N. Y. C. R. R. Co.*, 23 N. Y. 158; *Pitkin* v. *N. Y. C. & H. R. R. R. Co.*, 94 App. Div. 31; *Cooper* v. *Shore El. Co.*, 63 N. J. L. 554; *Shawnee* v. *Check*, 41 Okla. 227; 5 Sutherland on Damages [4th ed.], § 1260; *Lockwood* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 523; *Klemm* v. *N. Y. C. R. R. Co.*, 78 Hun, 277; *Connaughton* v. *Sun P. & P. Assn.*, 73 App. Div. 316; *Wagner* v. *Clausen Co.*, 146 App. Div. 70; *Predmore* v. *Consumers L. & P. Co.*, 99 App. Div. 551; *Ingrafia* v. *Samuels*, 71 App. Div. 14.)

*Richmond Moot* for General Electric Company, respondent. The Appellate Division properly affirmed the order granting a new trial. (*Kluchnik* v. *L. V. Coal Co.*, 228 Fed. Rep. 880; *Peebles* v. *Charleston & W. C. Ry. Co.*, 7 Ga. App. 279; *Frazier* v. *Ga. R. R. & Banking Co.*, 101

Ga. App. 77; *Wabash R. R. Co.* v. *Gretzinger,* 182 Ind. 155; *Dillier* v. *Cleveland, C., C. & St. L. R. R. Co.,* 34 Ind. App. 52; *Sanders' Adms.* v. *Louisville & N. R. Co.,* 111 Fed. Rep. 708; *Hammond* v. *Lewiston, A. & W. St. Ry.,* 106 Me. 209; *Chivers* v. *Rogers,* 50 La. Ann. 57; *Huberwald* v. *Orleans R. Co.,* 50 La. Ann. 477; *Miller* v. *St. Louis Transit Co.,* 216 Mo. 999; *McMurray* v. *St. Louis, I. M. & S. Ry. Co.,* 161 Mo. App. 133.)

CRANE, J. The facts of this case are fully set forth in the opinion in *Rosebrock* v. *General Electric Co.* (236 N. Y. 227), a companion case. The action is like that of *Shamrock* v. *General Electric Co.,* in which the verdict for the plaintiff was affirmed by this court on the authority of the *Rosebrock Case* (236 N. Y. 227).

James E. Yates, an employee of the Tonawanda Power Company, lost his life in an accident at the switch tower of the Niagara Falls Power Company at North Tonawanda, October 31, 1920. He left him surviving a widow, Georgia A. Yates, but no children, and as administratrix she brought this action in her own behalf on December 10, 1920. She died March 3, 1921, before the action was tried, and Estelle Sider was appointed administratrix *de bonis non* of the estate of James E. Yates and as such was substituted as plaintiff before the trial.

Mrs. Yates left a will through which she attempted to bequeath the cause of action. The will was offered in evidence and the complaint was amended to allege her death and the making of the will.

The widow having died before the trial of the action, the question raised upon this appeal relates to the rule of damage to be applied in such a case. The judge charged the jury as follows: " This plaintiff may recover from the defendants such a sum of money as you jurors say would be fair and just compensation for the pecuniary injuries resulting from the death of James E. Yates to the widow, Georgia A. Yates."

He declined to charge in the following: " I ask your Honor to charge in that regard that the recovery in this action, if any, can be only as follows: For pecuniary loss sustained by Mrs. Yates from the date of Mr. Yates' death until her death; also for the necessary funeral expenses and the pecuniary loss sustained by Mr. Yates' brothers and sister, if any." To the refusal of the judge to charge this request the defendants took an exception.

After the rendition of a verdict by the jury in favor of the plaintiff of $21,200 the trial justice after consideration set aside the verdict and granted a new trial unless the plaintiff stipulated within twenty days to reduce the verdict to $2,500.

Upon appeal the Appellate Division unanimously affirmed this order of the trial justice, modifying it, however, to the extent of striking out the permission given the plaintiff to stipulate for a reduction of the verdict. Judgment of affirmance was entered upon this order of the Appellate Division.

The trial justice and the Appellate Division were of the opinion that it was error to refuse to charge the request, as above stated relating to the amount and extent of the damages to be recovered owing to the death of the beneficiary, the widow, Georgia A. Yates, before the trial of the action. We agree with them.

It is the claim of the appellant that upon the death of James E. Yates the cause of action was given for the benefit of his widow, Georgia A. Yates; that this vested in her a right of property and that the damages were to be measured as of the time of the husband's death. It is said that all subsequent events such as the death of the beneficiary, in this case the widow, could not in any way affect this right of property or the amount of the damages to be recovered. On the other hand, it is claimed by the respondent that the statute gives to the widow the damages which she actually sustained in the death of her husband, and that while she is alive these of necessity

must be somewhat speculative; that is, they would be dependent largely upon the duration of her own life, and this, of course, would be uncertain. Where, however, before the trial she had died, the damages were at least rendered more certain by her death and would be confined to the loss which she had sustained between the time of her husband's death and that of her own.

The statute giving this cause of action is section 1902 of the Code of Civil Procedure (now section 130 of the Decedent Estate Law [Cons. Laws, ch. 13]). It reads:

" The executor or administrator duly appointed in this state, * * * of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

Section 1904 of the Code (now section 132 of the Decedent Estate Law) provides for amount of recovery. It reads:

" The damages awarded to the plaintiff may be such a sum as the jury * * * deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought. If the decedent leaves surviving a father and a mother, the death of such father prior to the verdict shall not affect the amount of damages recoverable. When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment."

What was the damage sustained by the widow through the death of her husband, James E. Yates? He was killed October 31, 1920. She died a little over four months thereafter, namely, March 3, 1921. The damage, the statute says, is the " fair and just compensation for

the pecuniary injuries resulting from the decedent's death." A wife is entitled to the support of her husband according to his means and station in life. When the husband is killed the jury may consider his income and manner of living and the probability of their continuance but for his death. The wife is entitled to such sum as the jury thinks will compensate her for the loss of this support. The receipt of the pecuniary advantages can, from the nature of things, only continue during the lifetime of the wife; they necessarily cease upon her death. In death actions the damages are rendered extremely uncertain and speculative by reason of the uncertainty of life itself. How long the husband may have lived in the opinion of the jury but for the accident is determined by his circumstances and condition, and is reasoned out with the aid of mortuary tables made up as we know from probabilities and experience. The same thing applies to the longevity of the wife. In her case, however, the uncertainty to a large extent is rendered certain when before the trial of the action she too has ceased to live. The income which the jury have a right to suppose would continue if her husband were alive, ends on the day of her death. There is no reason in the appellant's contention that upon the death of the husband the widow becomes entitled to damages fixed as of that time, subject to speculation as to her longevity where before the day of actual assessment of damages, to wit, the trial, she has died and rendered this speculation unnecessary. The only suggestion made for such a rule is the fact that in some of the cases the right of the widow to recover has been referred to as a property right. (*Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145.) These words were used to distinguish this right of action from those classes of cases where the cause of the action died with the person. The cause of action in the next of kin was referred to as a property right in order to give the representative of the next of kin when the latter had died before trial a right

to recover the actual damages which he had sustained up to the time of his death. In other words, the cause of action for such damages as were actually sustained did not die with the passing out of a widow or next of kin.

This rule of law has been well defined and applied in the case of *Pitkin* v. *New York Central & Hudson River Railroad Co.* (94 App. Div. 31) wherein the opinion was written by the chief judge of this court. The reasoning and conclusion we adopt. In that case a child had been killed leaving as his sole next of kin his father. Before the action came on for trial the father died. It was held that the recovery was limited to such damages as the father had suffered up to the time of his death. (This was before the amendment of section 132 of the Decedent Estate Law in 1913 [Ch. 756].) In the opinion it was stated:

" It is suggested by the counsel, however, in his brief that ' the damages to be recovered become fixed at the time of the death of plaintiff's intestate, and the subsequent death of the father did not alter the question.' If this language should be construed as holding that the *right* to damages in behalf of the next of kin accrued and became fixed at the time of the death of plaintiff's intestate we should, of course, have no difficulty in agreeing with it. But we are unable to agree with any construction which holds that at such moment the *amount of* damages to be recovered in behalf of the beneficiary became so fixed that it could not be altered by subsequent circumstances, like the death of the next of kin. * * * The consideration of these pecuniary benefits which might have resulted from the life of the child, and of the damages which, therefore, flow from its death to the parent, must necessarily take into account the probable length of time during which the parent himself might live to enjoy these benefits. Ordinarily such parent is alive at the time of the trial, and the contingency of his death and of the resultant termination of all bene-

fits which he might have derived from the child's life is so uncertain that any conclusions which a jury may reach in reference to such benefits are not subject to review and reversal. In this case, however, no element of uncertainty in this respect exists. The father was the next of kin and solely entitled as such under the statute to any damages which resulted from the death. He had died before the trial and, therefore, there was ascertained the exact period during which he would have been entitled to the benefits of the life of the intestate."

This rule also finds support in the following authorities: *Cooper* v. *Shore Electric Co.* (63 N. J. L. 558; *City of Shawnee* v. *Cheek* (41 Okla. 227 at page 256); Sutherland on Damages (Vol. 5 [4th ed.], sec. 1260).

For the reasons here stated the order and judgment appealed from must be affirmed and judgment absolute ordered upon the appellant's stipulation, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and LEHMAN, JJ., concur; ANDREWS, J., not sitting.

Ordered accordingly.