**TLUSTY v. GILLESPIE–ROGERS–PYATT CO., Inc.**

Civil No. 1221.

District Court, E. D. New York.

Dec. 6, 1940.

Harold R. Kaplan, of New York City, for plaintiff.

Edward M. Fuller, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is an action for personal injuries due to the alleged negligence of the defendant.

The complaint alleges diversity of citizenship and that the amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000. The answer admitted the third paragraph of the complaint which reads as follows: "Third: That the amount in controversy herein exceeds, exclusive of interest and costs, the sum of $3,000." Upon the trial the Court permitted the answer to be amended by denying this paragraph of the complaint.

Regardless of the admission or denial the Court would not have jurisdiction unless the amount in controversy exceeded the sum of $3,000 exclusive of interest and costs. Parties to a litigation cannot waive the amount in controversy, this is jurisdictional. Holt v. Indiana Mfg. Co., Ind.1900, 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374; Pepper v. Rogers, C.C.Mass.1904, 128 F. 987.

The Court could at any time, either upon motion of the defendant or upon its own motion, dismiss the action if the amount in controversy did not exceed the sum of $3,000. The Court is in duty bound to dismiss the action unless the jurisdictional amount is involved. Prima facie the Court had jurisdiction as the complaint alleged the jurisdictional amount, in fact the amount of damage alleged was $15,000. The Court is not bound by the amount of money demanded but by the amount in controversy.

A collision occurred between an automobile in which the plaintiff was riding and the defendant's truck on March 11, 1940. The plaintiff made no complaint to any one at the scene of the accident that she had been in any wise injured. After arriving at her home she claims that she observed that her lower plate of false teeth had been broken and she had a small amount of bleeding from her mouth. She did not in fact consult a physician for a long period of time.

The plaintiff called to the witness stand a dentist, who did not treat her, who testified that the cost of replacing the lower plate, which had been worn by the plaintiff for four or five years, would be $125, although the one that was broken could be repaired for a comparatively few dollars. The dentist also admitted that the plate could be procured for considerably less than $125. The elusive silent witness, the false teeth, was not produced in Court and no one seems to know why.

By the widest stretch of imagination the most that the plaintiff could have recovered was two or three hundred dollars.

The purpose of Section 41 of Title 28, United States Code, 28 U.S.C.A. § 41, was to prevent the dockets of the Federal Courts from being overcrowded with small cases which should be brought in the State Courts which are fully equipped to decide

912

such cases. Davis v. Mills, C.C.Conn.1900, 99 F. 39, 40.

On September 24, 1789, Congress passed the first judiciary act, c. 20, 1 Stat. 73, which excluded from the Federal Courts jurisdiction of actions involving sums or values which did not exceed $500. The Act of March 3, 1887, c. 373, 24 Stat. 552, and the Act of August 13, 1888, c. 866, 25 Stat. 433, provided that the Federal Courts should have jurisdiction only where the amount involved exceeded the sum or value of $2,000. This Act was amended by the Act of March 3, 1911, c. 231, 36 Stat. 1087, which provided that the matter in controversy must exceed the sum or value of $3,000.

While no statistics have been called to the Court's attention, it is probably true that seventy-five percent of the civil jury calendar in this District and in the Southern District of New York consists of negligence cases and perhaps of that number from one-fourth to one-third of them do not actually involve the jurisdictional amount of $3,000. These cases clog the calendar. Many such cases are brought in the Federal Courts because the calendars in the Federal Courts, certainly in this District, are practically up-to-date, whereas the calendars in the New York State Courts are further behind, and also under the belief (whether mistaken or not) that the verdicts of juries in the Federal Courts exceed those in the State Courts. Whatever the reason may be cases should not be brought in this Court unless it is reasonably fair to assume that the jurisdictional amount exceeding $3,000 exists. If it should appear at any stage of the trial that the jurisdictional amount is not involved the Court should dismiss the complaint for lack of jurisdiction. Wilderman v. Roth, D.C.Pa.1925, 9 F.2d 637, affirmed 3 Cir., 1927, 17 F.2d 486.

█ It is unnecessary to pass upon the motion to dismiss the complaint upon the ground that the plaintiff failed to make out a cause of action (although such disposition would have been made) for the reason that the complaint must be dismissed for lack of jurisdiction in that the amount in controversy does not exceed $3,000. Complaint dismissed.

This opinion merely amplifies the reasons given upon the trial for the dismissal of the complaint.