**BERGER et al. v. CITY OF PHILA-DELPHIA.**

**Civil Action No. 7609.**

District Court, E. D. Pennsylvania.

Feb. 20, 1948.

James F. Masterson, of Philadelphia, Pa., for plaintiff.

I. Jerome Stern, Asst. City Sol., of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a tort action against the city of Philadelphia by Aleck and Esther Berger, husband and wife. The case arises upon defendant's motion to stay plaintiffs' taking depositions, alleging that the requisite diversity of citizenship of the parties is lacking and that the notice to take depositions violates Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires leave of court and an opportunity given to the defendant

---

to be heard. By agreement of counsel, the question of jurisdiction has been submitted to this court on the deposition of Aleck and Esther Berger, with the subsidiary issue of the propriety of plaintiffs' procedure under Rule 26 continued pending argument, if necessary.

The law in these matters is not complex, although determination of the factual issues may be difficult. Domicile and citizenship, for this purpose, may be taken as synonymous. "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." See State of Texas v. State of Florida, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 830, 83 L.Ed. 817, 121 A.L.R. 1179. And once acquired, domicile continues until it is superseded by a new domicile. Restatement, Conflict of Laws, Sec. 23.

From the evidence submitted, I make the following

### Findings of Fact

1. Plaintiffs and their children were all residing at 5649 North 5th St., Philadelphia, Pa., in December, 1943, shortly before Mr. Berger went into service. At that time plaintiffs regarded their dwelling place as their home.

2. During Aleck Berger's time in service, Esther Berger moved, with the children, to St. Petersburg, Florida, where she bought a home at 2640 Burlington Avenue, North. Aleck Berger came to regard this address as his home while in the service, and was discharged in Florida, where he rejoined his wife. At that time, both plaintiffs regarded their new dwelling place as their home.

3. Job opportunities did not materialize as hoped for, and in May of 1947, plaintiffs left Florida to come to Atlantic City, where Aleck Berger had a brother. When he arrived, Aleck Berger's intention was to establish a business and a home in Atlantic City. Plaintiffs lived in Atlantic City until the time of suit, and Aleck Berger worked there. Shortly thereafter, in September, 1947, plaintiffs moved back to Philadelphia to 5649 North 5th Street.

### Conclusions of Law

1. In December, 1943, plaintiffs were domiciled in and citizens of the State of Pennsylvania.

2. After Aleck Berger's discharge from service, plaintiffs were domiciled in and citizens of the State of Florida.

3. At the time this suit was brought on August 1, 1947, plaintiffs were domiciled in and citizens of the State of New Jersey.

4. Diversity of citizenship exists in this case.

5. An order will be entered to that effect.