548

**SCOTT v. PENNSYLVANIA R. CO.**

No. 8878.

United States District Court
E. D. Pennsylvania.

Feb. 1, 1949.

Leonard Turner, of Philadelphia, Pa., for plaintiff.

Philip Price and Barnes, Dochert, Price, Smith & Clark all of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a negligence action based upon an allegedly premature start of a train. Defendant has moved to dismiss on two grounds; lack of diversity of citizenship and lack of jurisdictional amount. Defendant's motion is supported by a deposition of plaintiff and an affidavit. Plaintiff has filed an answer to the motion supported by an affidavit by the attorney who represented plaintiff at the deposition.

Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a defense such as this one "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." It has been pointed out that the defense of lack of diversity is the sort of objection that should not be deferred until trial. See Comment, Preliminary Hearing of Defense Under Rule 12(d), 3 Federal Rules Service page 679. The emphasis is the other way where the defense is lack of jurisdictional amount. See Comment, supra, at page 660. The rule has been stated to be that a court will dismiss on this ground only "if, from the face of the pleadings, it is apparent, to a legal certainty, that plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction * * *." See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845. In a tort case, where the elements of pain and suffering and disfigurement enter in, it would be possible to decide this issue beforehand only if plaintiff were put to almost his entire proof. See 2 Moore, Federal Practice, 2275.

Accordingly, I shall deny dismissal on this ground until the time of

trial, when, after plaintiff's evidence is in, or even after verdict returned, it will be possible to entertain the objection again. Cf. Tlusty v. Gillespie-Rogers-Pratt Co., D.C., 35 F.Supp. 910; Wilderman v. Roth, 3 Cir., 17 F.2d 486. However, I will direct in accordance with Rule 43(e) that a hearing be held on the issue of diversity of citizenship. It might be possible to resolve the question entirely on affidavits, but a just disposal of such a basic issue would be best served by the oral testimony in court of plaintiff, his niece, and other relevant witnesses. Cf. Green v. Keim, D.C., 74 F.Supp. 950. An order directing such a hearing will be entered in accordance with this opinion.