ODLIVAK v. ELLIOTT et al.

Civil Action No. 1069.

United States District Court
D. Delaware.

Feb. 2, 1949.

Clement C. Wood, of Hering, Morris, James & Hitchens, all of Wilmington, Del., for plaintiff.

William Poole and John P. Sinclair, of Southerland, Berl & Potter, all of Wilmington, Del., for defendants.

RODNEY, District Judge.

This is an action brought by the plaintiff as administrator ad prosequendum of Alexander Bank. The action is brought to recover damages for the alleged negligence of the defendants in an automobile accident resulting in the injury and death of Alexander Bank. The accident occurred on July 31, 1946, in the State of New Jersey and Alexander Bank is alleged to have been fatally injured in the accident and died upon the same day. The administrator ad prosequendum was appointed by the proper New Jersey officials and the present action is expressly brought pursuant to the New Jersey statute set out in extenso in the complaint and the material portions of which are quoted in the footnote.[1]

The jurisdiction of this District Court for the District of Delaware arises from diversity of citizenship and the law of Delaware, including that of the conflict of laws, must be considered.[2] It is conceded and assumed that the law of the State of New Jersey controls in this proceeding.

Section 6 of the complaint sets out, "This action is brought, maintained and prosecuted for the use and benefit of Michael Odlivak, a citizen of the State of New York, as Administrator of the Estate

---

[1] Revised Statutes, New Jersey 1937, Chap. 47, Sec. 2:47–1 et seq., as amended, N.J.S.A. 2:47–1 et seq.:

"2:47–1. When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured and although his death was caused under circumstances amounting in law to a felony."

"2:47–2. Every action, proceeding or claim brought, instituted or made under this chapter shall be brought, instituted or made in the name of an administrator ad prosequendum of the decedent, for whose death damages are sought to be recovered, except * * *."

"2:47–4. The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the widow, surviving husband, the adopted parents of a

legally adopted child and next of kin of the decedent, except the natural parents of a decedent who was legally adopted, and shall be distributed to them in the proportions provided by law for the distribution of the personal property of intestates, except that where decedent leaves a surviving widow, or husband, but no children or descendant of any children and no parents, nor the adopting parents of a legally adopted child, the widow or surviving husband shall be entitled to the whole of the amount so recovered, which amount shall be paid to her or him."

"2:47–5. In every action brought under the provisions of this chapter the jury may give such damages as they shall deem fair and just with reference to the pecuniary injuries resulting from such death to the widow, surviving husband and next of kin of the deceased."

[2] Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

of Anna Bank, also known as Anne Bank, who survived and was the widow of plaintiff's decedent and who suffered pecuniary injury by reason of plaintiff's decedent's death in the amount of Twenty-five Thousand Dollars ($25,000)."

It is admitted in this case that Alexander Bank, the decedent, left to survive him his widow, Anna Bank, and no children or descendants of any children, and no parents nor the adopting parents of any legally adopted child.

By interrogatories, and answers thereto, filed in this action certain things are shown. First, that the accident happened on July 31, 1946, at 9:20 p. m., and that Alexander Bank died as a result of the accident on the same day and hour. Second, that Alexander Bank left surviving him a widow, Anna Bank, who died some 9 hours and 25 minutes after the accident, to wit, on August 1, 1946, at 6:45 a. m. Third, that the weekly wage of Alexander Bank was $60 per week, almost all of which he gave to his wife. Fourth, that the source of the money he gave to his wife was his earnings and wages as above set out.

As heretofore stated the action is brought, maintained and prosecuted by the administrator ad prosequendum for the use of the administrator of the estate of Anna Bank. The defendant has moved to dismiss the complaint under Rule 12 because of lack of jurisdiction, and the present questions arise under that motion. The motion is based upon the following reasoning:

(1) That the beneficiary of any action for the death of Alexander Bank was his wife, Anna Bank;

(2) That Anna Bank survived her husband by 9 hours and 25 minutes;

(3) That the quantum of recovery in an action for wrongful death where the beneficiary dies before suit is brought or pending suit is limited to the pecuniary damages actually sustained by the beneficiary during her lifetime;

(4) That the answers to the interrogatories clearly indicate that the damages suffered by the beneficiary during her lifetime, being the 9 hours and 25 minutes she survived decedent, are less than the jurisdictional amount required in this suit; and

(5) That where the object is the recovery of an unliquidated claim and the law determines to a legal certainty that the matter in controversy involves less than the jurisdictional amount, the court is without jurisdiction and the suit must be dismissed.

 It is conceded that this case is controlled by the law of New Jersey, where the accident and death occurred. The labors and difficulties of this court are thereby reduced for, under the law of New Jersey, certain things seem abundantly clear. In Cibulla v. Pennsylvania-Reading Seashore Lines, 50 A.2d 461, 25 N.J.Misc. 98, it was determined that the rights of persons who are entitled to recover for wrongful death are fixed as of the date of deceased's death, and such class can neither be enlarged, nor any member of the class be excluded from participation by reason of his own death subsequent to that of the person for whose death the action was brought. The widow having survived Alexander Bank, her right as sole beneficiary under the New Jersey statute is clearly fixed.

It is equally clear that the rights accruing under the New Jersey statute to Anna Bank as widow of Alexander Bank did not abate upon her own death prior to compensation therefor, but survived for the benefit of her estate. This was the precise holding of the Court of Errors and Appeals of New Jersey in Cooper v. Shore Electric Company, 63 N.J.L. 558, 44 A. 633, 636.

The particular matter of interest under the present circumstances is the quantum of damages to which the Estate of Anna Bank can be entitled. The defendant contends that damages can only be assessed for that portion of the lifetime of Anna Bank during which she survived the decedent Alexander Bank. Since that period was only some nine hours, the claim of the Estate of Anna Bank must be quite limited in extent.

Cooper v. Shore Electric Company, supra, was a case brought by an administrator of a decedent for the benefit of the

father of the decedent. Pending the suit the father died and the court said, "The death of the beneficiary pending suit will have a controlling influence over the quantum of recovery. The personal injury sustained would be limited in duration and extent to his lifetime."

The cited case and the contention of the defendant seem in accord with both reason and authority. The general purpose of most statutes giving a right of action for wrongful death is to compensate the designated beneficiary for the pecuniary loss caused by the destruction of the life of a person upon whom the beneficiary depended in a pecuniary way or from whom the beneficiary received or had reason to receive some pecuniary benefit or advantage. So the New Jersey statute (footnote 1) authorizes the jury to assess damages "with reference to the pecuniary injuries resulting from such death." The courts of New Jersey have held that, under the pertinent statute, the plaintiff was entitled to recover nothing but the pecuniary loss sustained by the person for whose benefit the action was brought. May v. West Jersey & S. R. Co., 62 N.J.L. 67, 42 A. 165, and cases cited.[3]

The action then being purely compensatory for Anna Bank, the Estate of Anna Bank can recover no more than the pecuniary loss which Anna Bank sustained or the pecuniary benefit which Anna Bank could have enjoyed. She could have sustained the loss or enjoyed the benefit solely during her life and the cessation of her life must, therefore, mark the limit of time for computing compensation for which she

was the beneficiary. The authorities in other jurisdictions where the question has been considered are in entire accord. No case has been found to the contrary where the death of the sole beneficiary occurred before ascertainment of damages. Sider v. General Electric Co., 238 N.Y. 64, 143 N.E. 792, 34 A.L.R. 158; Pitkin v. New York Central & H. R. R. Co., 94 App. Div. 31, 87 N.Y.S. 906; City of Shawnee v. Cheek, 41 Okl. 227, 252, 137 P. 724, 51 L.R.A.,N.S., 672, Ann.Cas.1915C, 290; Van Beeck v. Sabine Towing Co., 300 U.S. 342, 347, 57 S.Ct. 452, 81 L.Ed. 685; The City of Rome, D.C., S.D.N.Y., 48 F. 2d 333, 341; Dostie v. Lewiston Crushed Stone Co., 136 Me. 284, 8 A.2d 393; Sutherland on Damages, 4th Ed., Vol. 5, Sec. 1260.[4]

The defendant contends that since Anna Bank only survived Alexander Bank for some nine hours, the compensatory damages which could be granted in this case must, to a legal certainty, be far less than the jurisdictional amount of $3000 here necessary. The test is not so much the actual amount of the recovery that might be had but whether, when the suit was brought, the plaintiff may have been reasonably entitled to recover an amount in excess of the jurisdictional requirement. Many cases have considered the principles governing the dismissal of actions for failure to involve the amount required to confer jurisdiction on a district court. Distinction has been made between a case originally instituted in the federal court and cases removed to a federal court from a state court.[5] The present case was originally brought in this court.

---

[3] It will be noted that the only damages sought in this action are for the pecuniary injuries resulting to Anna Bank, widow, by reason of the death of Alexander Bank. No claim is made for punitive, exemplary or special damages of any kind. Consequently no questions arise as to whether such damages could furnish any jurisdictional basis in this court or whether such damages could be at all recovered in an action of this kind or under a statute such as is here involved. See 16 Am.Jur., Death, Sec. 185, p. 124, and cases collected in 94 A.L.R. 384.

Similarly consideration has not been given to any possible conflict between

Rules 9(g) and 54(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., as applicable to damages other than of a general or compensatory nature.

[4] In the cited cases the death of the beneficiary occurred after the action had been brought for the benefit of such beneficiary. In the present case the beneficiary died before any suit was brought. No distinction has been advanced as to the two situations and none has been considered by me.

[5] St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845.

The holding of all the cases is epitomized in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S.Ct. 586, 590, 82 L.Ed. 845, where it is said:

"The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." [6]

In the case just cited it is stated that to justify dismissal it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. In all of the cases the lack of jurisdictional amount either appeared from the pleadings or was shown by the proofs adduced at the trial of the cause. In the present case there has been no trial and the questions arise upon a motion to dismiss the complaint. It is contended that the lack of involvement of the jurisdictional amount is shown to a legal certainty by the application of pertinent legal principles. As heretofore indicated, it seems that the pecuniary loss to which Anna Bank was entitled must be confined to that period of time during which Anna Bank survived Alexander Bank, and it seems certain that the portion of the earnings of Alexander Bank of which Anna Bank in her lifetime was deprived by reason of the death of Alexander Bank could by no possibility amount to the jurisdictional requirement of this court. The pecuniary loss suffered by Anna Bank by reason of the death of Alexander Bank, while confined to the period which Anna Bank survived Alexander Bank, may or may not be confined to that portion of the earnings of Alexander Bank of which Anna Bank was deprived by reason of his death. Anna Bank may have suffered pecuniary loss from the death of Alexander Bank disconnected from his personal earnings. Among the interrogatories and answers filed in this proceeding was the following: "No. 19. State whether Alexander Bank had any source of income other than wages and if so state the nature and amount." Answer: "Unknown at this time."

I cannot now say with definite legal certainty that the damages sustained by the widow are limited to that portion of the earnings of the deceased which she would have received. There may have been other sources of income from which Anna Bank might have received or had reason to expect pecuniary benefit from Alexander Bank. In either case the period would be restricted to the lifetime of

---

[6] The cited case and many others to the same effect, in discussing dismissals for want of a showing of a jurisdictional amount, referred to Section 37 of the Act of March 3, 1911. Prior to the recent revision of the Judicial Code, Section 37 thereof, 28 U.S.C.A. § 80, made it mandatory upon the district court to dismiss any suit at any time it appears to the satisfaction of said court that such suit does not really and substantially involve a dispute or controversy properly within said court's jurisdiction. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845, where the history of the provision is set out. This portion of the section has been omitted from the Revised Code as unnecessary since it is established that the court will dismiss, even on its own motion, a case that is not within its jurisdiction. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135. See Reviser's Notes to Revised Title 28 U.S.C.A. § 1359. See also Rule 12(h) (2), Federal Rules of Civil Procedure, 28 U.S.C.A.

Anna Bank. Every reasonable inference and belief points to the fact that the damages recoverable in this action do not and could not at the institution of the suit have exceeded the jurisdictional amount. There seems no requirement that this reasonable inference and belief should be resolved by me into a legal certainty. Two courses are then open. Either I should allow the present case to continue. until the time of trial when the proofs or lack of proof can determine whether the plaintiff ever was entitled to recover an amount in excess of the jurisdictional requirement of this court, or to have the plaintiff now show in some appropriate manner the compliance with the jurisdicdional requirement. I prefer the latter course. If the jurisdictional requirement does not now exist and has never existed, it would seem an unnecessary proceeding to prolong this case at the considerable expenditure of time and money. The plaintiff has made the necessary allegations of jurisdiction. The defendant has denied them. Jurisdiction is not necessarily maintained by the mere averment of jurisdiction in case of such denial. In McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 184, 56 S.Ct. 780, 785, 80 L.Ed. 1135, it is said that if a plaintiff's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed * * *." Succinctly the law is that when the jurisdiction of the court is challenged the burden of affirmatively proving the jurisdiction of the court rests upon the plaintiff.[7]

The present complaint must be dismissed unless within 60 days after an order therefor the plaintiff shall in some appropriate manner show that the plaintiff is or was at the time of the institution of this case entitled to a valid claim for damages in excess of $3000. In ascertaining the amount of damages the pecuniary loss suffered by Anna Bank must be confined to the period between the death of Alexander Bank and the death of the beneficiary.

---

[7] McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 277, 57 S. Ct. 197, 81 L.Ed. 183; Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111.