**SCOTT v. PENNSYLVANIA R. CO.**
Civil Action No. 8878.

United States District Court
E. D. Pennsylvania.

March 8, 1949.

Leonard Turner, of Philadelphia, Pa.; for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

■ This is a tort action in which defendant has questioned the jurisdiction of the Court by a motion to dismiss. In accordance with my Opinion of February 1, 1949, D.C., 8 F.R.D. 548, a hearing was held to determine whether diversity of jurisdiction exists in the instant case. Defendant, concededly a Pennsylvania corporation, contends that plaintiff is a citizen of Pennsylvania, as well, although the complaint alleges that he is a citizen of New Jersey. The law in these matters is not complicated, although determination of the factual issues may be difficult. Cf. Berger v. City of Philadelphia, D. C., 8 F.R.D. 39. Domicile and citizenship, for this purpose, may be taken as synonymous. "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." See State of Texas v. Florida, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817, 121 A.L.R. 1179. However, plaintiff has a dual burden in this proceeding: He must show that a former domicile has been superceded, and, on all the evidence, it is his duty to con-

vince the Court that jurisdiction exists. Cf. Greene v. Keim, D.C., 74 F.Supp. 950. From all the evidence in the case, and making due allowance for the credibility of the witnesses at the oral hearing, I make the following

### Findings of Fact

1. Plaintiff was born in Philadelphia and lived in it or its suburbs all of his life until a few years ago. In 1946, he moved from an apartment in Wynnewood Hall, Overbrook, where he had resided for twenty years. He left the apartment in Overbrook because a religious organization purchased the apartment house and requested the tenants to leave.

2. Plaintiff moved to 22 East Drive, Marvin Gardens, Margate, New Jersey and in December, 1946, regarded that dwelling place as his permanent home. On March 5, 1948, the day of the alleged accident in the instant case, plaintiff still lived at the above address and still regarded that dwelling place as his permanent home.

3. Plaintiff still lives at this address and still regards the dwelling place as his permanent home.

### Conclusions of Law

1. On the day of the accident in this case and at the time the complaint was filed, plaintiff was domiciled in and a citizen of the State of New Jersey.

2. Diversity of jurisdiction exists in the instant case.

3. An order will be entered denying defendant's motion to dismiss for lack of diversity.