## PASOS v. EASTERN S. S. CO.
### Civ. A. No. 1119.

United States District Court
D. Delaware.
June 28, 1949.

S. Eldridge Sampliner, of Cleveland, Ohio, and Sydney Hoffman (of Hoffman &

Hoffman), of Wilmington, Del., for plaintiff.

Robert G. McCreary, Jr. (Leckie McCreary, Schlitz & Hinslea), of Cleveland, Ohio, and Harry K. Hoch, of Wilmington, Del., for defendant.

RODNEY, District Judge.

This matter involves an unusual state of facts that find no exact counterpart in any of the reported cases. A suit was filed in this court, by the plaintiff, on April 15, 1948. The suit was based upon the provisions of the Jones Act, 46 U.S.C.A. § 688. The complaint, executed solely by counsel, alleged that the plaintiff suffered injuries while employed as a seaman in April, 1945 on the S.S. Joseph Wood, engaged in navigation on the Great Lakes, and the suit sought recovery of damages for the injuries.

The complaint, filed April 15, 1948, alleged that the address of the plaintiff is 25 South Street, New York City; that the plaintiff "is a seaman;" that he "elects" to sue under the Jones Act; that he "will lose wages in the future" as a result of his injuries; that he "will expend in the future" certain sums for maintenance and cure; that he "demands trial by jury" and "prays that he be permitted to prosecute the action without advancement of or security for costs." All these allegations in the complaint refer to present or future conditions.

The action was pending from its institution on April 15, 1948 until March 3, 1949, when the defendant filed a motion to dismiss the action under Rule 25(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. This motion and supporting papers showed that the plaintiff, Manuel Pasos, had died January 11, 1947, and "more than two years have elapsed since the date of death and the court has not ordered substitution of the proper or any parties plaintiff in place of said Manual Pasos."[1] Under Rule 25(a) it is mandatory upon the court to dismiss the action as to the deceased party if substitution is not made within the two years. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436.

It is clearly established by the papers and affidavits filed in this cause that Manuel Pasos, who claimed to have been injured on the S.S. Joseph Wood on the Great Lakes in April, 1945, and for which injuries this suit was brought, lost his life by drowning at Maracaibo on January 11, 1947 while employed on the S.S. Peter Moran. The entire employment record of Manuel Pasos from December 20, 1940 until his death in 1947 as maintained in the Merchant Vessel Personnel Division of the United States Coast Guard, including the employment on the S.S. Joseph Wood and S.S. Peter Moran, has been filed in this cause. It is shown that the identification number of Manuel Pasos in the entire record was Z-96663. The identification seems complete and is not disputed or controverted.

It is manifest, therefore, that if Manuel Pasos, who claims damages for injuries sustained in 1945, died January 11, 1947, he was also dead when this suit was instituted by complaint signed by counsel on April 15, 1948. It seems clear that on April 15, 1948 there was no legally existent party plaintiff as indicated in the complaint. Rule 25(a), however, would seem to contemplate the subsequent death of a legally existent party to the action, and the two-year period from the death would seem to relate to a period after the deceased had become a legally existent party to the action. Two years have not now elapsed from the institution of the action, when the plaintiff became even a nominal party. It is not clear that Rule 25(a) has precise application to the facts of this case.

There are, however, other rules and principles having materiality to the present question. Rule 9(a) provides in part, " * * * When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue

---

[1] The material part of Rule 25(a) is "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. * * * "

\* \* \* he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

Clearly the present defendant has indicated a desire to raise the issue of the legal existence of the plaintiff. The defendant has shown that the plaintiff had no legal existence at the time this action was brought but had died over 15 months before the institution of the suit.

The rule prescribes the issue shall be raised by "specific negative averment." Ordinarily this averment might properly be made in an answer. The answer in this case, however, had been filed prior to the discovery of the antecedent death of the plaintiff. It would seem an unnecessary refinement to require an amended answer to be filed containing the averment when the same issue is precisely raised by motion and affidavits. The rule also requires that the issue be raised by a specific "negative" averment. A specific negative averment would be that the plaintiff was not living and had no legal existence on April 15, 1948, when this suit was brought. The defendant has made a positive averment that the plaintiff died on January 11, 1947. This must be held to be an averment that the plaintiff was not living and had no legal existence on April 15, 1948, if the rules are to be accorded a construction that will secure a just and speedy determination of every action, as required by Rule 1.

Not only does the foregoing rule have pertinency to this action, but there exists a jurisdictional principle that requires the dismissal of the complaint in the instant case. While this suit was pending and prior to September 1, 1948, when the Revised United States Judicial Code of 1948 took effect, there existed a provision known as Section 37 of the Judicial Code, 28 U.S. C.A. § 80, as shown in the footnote.[2] If this statute were now in force it would clearly have pertinency. The suit was started in this court, and it appears to the satisfaction of the court that at the time the suit was brought it did not involve a dispute or controversy within the jurisdiction of the court, for the reason that there was then no existent party plaintiff. It appears that the party plaintiff was improperly made a party for the purpose of creating a case cognizable by this court. I use the word "improperly" purely in the sense of "invalidly" or "inadvertently" made a party plaintiff and in no sense as inferring a conscious, unbecoming action of counsel. I am assured of the ignorance on the part of counsel of the prior death of the plaintiff at the time the suit was brought.

28 U.S.C.A. § 80 [see revised § 1359] was omitted from the Revised United States Judicial Code of 1948 as unnecessary. The Reviser's Notes state the reason of the omission as "Any court will dismiss a case not within its jurisdiction when its attention is drawn to the fact, or even on its own motion." For the effect of the omission of the section, see notes to Giesecke v. Denver Tramway Corp., D.C.Del., 81 F.Supp. 957, and Odlivak v. Elliott, D.C.Del., 82 F.Supp. 607, 611. It is true that most or all of the cases discussing the dismissal of actions pursuant to Sec. 80 or in accord with the principle of that section have been cases where the lack of jurisdiction appeared as to the subject matter of the action. It must be true, however, that the suit should be dismissed if the court is clearly convinced that neither at the institution of the suit or at any time since

---

[2] "Sec. 80. If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

has there been a legally existent party plaintiff and at no time could there have been entered a valid judgment in the matter.

The complaint must be dismissed and an order therefor may be presented.