## COHEN
### v.
## PROCTOR & GAMBLE DISTRIBUTING CO.
### Civ. No. 1590.

United States District Court,
D. Delaware.
July 23, 1954.

It is alleged defendant Proctor & Gamble sold in Wilmington a soap product or detergent—"Cheer"—to customers for washing clothing to be worn by human beings; plaintiff bought a box of "Cheer"; later he donned a pair of pajamas which had been laundered in "Cheer". Plaintiff claims after this he had a heavy rash over his body, "with the exception of his lower legs, and especially over his back, said rash having been caused by contact with the 'Cheer' washed pajamas with plaintiff's skin, some of the 'Cheer' still remaining in the fabric of said pajamas." "A heavy rash", "a severely painful aching", and "an extreme tired, dragged out feeling" were specified in the complaint as the resulting personal injuries which incapacitated plaintiff for approximately two weeks. Defendant moved to dismiss the complaint for lack of jurisdictional amount, or in the alternative for an order on plaintiff to produce evidence of damages exceeding $3,000 at a special pretrial hearing. Defendant asserts, so far as it can learn, plaintiff's medical expenses did not exceed $40, no permanent injuries were alleged or suffered, medical treatment was received on only two days without hospitalization or special nursing attention, and only two weeks absence from employment were alleged—facts of a nature, defendant contends, which would warrant this court in sustaining only a maximum possible verdict far below the requisite jurisdictional amount.

Jacob Balick, Wilmington, Del., for plaintiff.

W. Thomas Knowles (of Knowles & Allmond), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

Alleging diversity, jurisdictional amount, and personal injuries from use of defendant's detergent, "Cheer", plaintiff demands a jury trial and $100,000 in damages in his complaint.

1. Two threshold facts are important: a) the action is one in tort, principally for pain and suffering; b) minimum jurisdictional amount is in issue, not the magnified optimistic six digit sum of plaintiff's prayer for damages. The legal difficulty here, as in all such cases, is there is no exact yardstick to measure recovery for pain and suffering, even when all the facts and circumstances are known. It is less certain of computation, in this case, for example, when none of the detail of plaintiff's suffering is now before the court. In any

event, under current procedural tests, to sustain his position plaintiff need only show good faith demand of damages over $3,000; he is not held to the sum requested ($100,000) in the complaint in testing jurisdictional issue, in contradistinction to stating merely a sufficient cause of action. Cf. Johnson v. Fredrick, D.C., 9 F.R.D. 616.

The cases which have considered dismissal for want of jurisdictional amount are largely in agreement on the applicable principles.[1] The oft-quoted St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S.Ct. 586, 590, 82 L.Ed. 845, speaks for the majority: "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Thus, while plaintiff has the burden of establishing the court's jurisdiction of his suit when defendant challenges it, peremptory dismissal will not ordinarily be ordered. Rather, an opportunity is afforded plaintiff to show reasonable entitlement to recover the jurisdictional amount. The problem, in any case, is how and when this should be done.

In Odlivak v. Elliott, D.C.Del., 82 F. Supp. 607, 610, Judge Rodney considered the general problem and established this criterion: "The test is not so much the actual amount of the recovery that might be had but whether, when the suit was brought, the plaintiff may have been reasonably entitled to recover an amount in excess of the jurisdictional requirement." There, the recoverable damages for wrongful death were severely limited— beneficiary survived deceased for nine hours—and every reasonable inference militated against their equalling juris-

dictional amount. Because of this, Judge Rodney chose not to await trial in resolving the issue, but even then he did not immediately dismiss the complaint but allowed plaintiff sixty days to amend the complaint to show any additional damages. In the instant case, the claim for pain and suffering does not at this time lend itself to a similar disposition of the motion but rather points the other way.

FR 12(d) specifies alternative mechanics for resolving the motion by providing such a defense as this "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial". A practical approach to the problem is thus indicated. If a preliminary hearing be ordered, plaintiff would be put to almost his entire proof of damages, probably by expert medical testimony. Defendant would undoubtedly seek leave to rebut the proffered evidence by other experts. All this would be in vacuo, without a frame of reference, concerning the obtuse issue of whether the pain and suffering could conceivably have a money value to plaintiff exceeding $3,000. If plaintiff prevailed at the preliminary hearing—doubts being there resolved in his favor and their final resolution postponed until trial—the whole performance of proof would later have to be repeated by a second run before the jury. Under the circumstances, a preliminary hearing seems a fruitless and expensive step, avoidable without prejudice to the merits of defendant's motion.

In Scott v. Pennsylvania R. Co., E.D.Pa., 8 F.R.D. 548, Judge McGranery refused a preliminary hearing on a similar motion, deciding to entertain defendant's objection again at trial after plaintiff's evidence was in or even after verdict. Professor Moore agrees postponement until trial, without preliminary hearing, is the wisest course "where plaintiff's allegation of jurisdictional

1. E. g., references in Federal Digest, Federal civil procedure ⊚⇒1742.

amount is challenged, since determination of the issue may involve going into the merits of the case." 2 Moore's Federal Practice 2275. His suggested procedure, like all of his procedural points, is so sound I adopt it. It is therefore

Ordered: Defendant's motion is denied at this time, with leave to renew the motion to dismiss the complaint after all of plaintiff's evidence of damages has been introduced at the trial of the case. As the procedure of proof is a matter within the discretion of the trial judge, plaintiff might commence to .adduce his proof of damages first before evidence of negligent violation of duty is brought forward. After the proof of damages is in, defendant may then, in the absence of facts to sustain plaintiff's position, move for dismissal of the cause for lack of jurisdictional amount.